**In re Givens E. SENSIBAUGH, Nova A. Sensibaugh, Debtors.**

**Bankruptcy No. 80–01403.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Jan. 13, 1981.

Judson W. Collier, Jr., Richmond, Va., for debtors.

Jeffrey M. Zwerdling, Richmond, Va., for F & M.

Francis P. Dicello, Washington, D. C., U. S. Trustee.

MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Givens E. Sensibaugh and Nova A. Sensibaugh, husband and wife, the Debtors herein, filed a joint petition under Chapter 11 of Title 11 U.S.C. on September 5, 1980. On

October 7, 1980, the United States Trustee and First & Merchants National Bank, a creditor herein, filed an Application to Convert the case to a proceeding under Chapter 7 of Title 11 U.S.C. On November 25, 1980, after hearing, the Court directed this matter to be converted to a Chapter 7 and by order entered herein on December 12, 1980, this case was converted to Chapter 7. On December 11, 1980, the Debtors filed Application to Convert their case from Chapter 7 to Chapter 13 of Title 11 U.S.C. The Application for Conversion was heard January 5, 1981, and upon the records of these proceedings and said hearing, the Court makes the following determination.

■ Title 11 U.S.C. § 706(c) prohibits the conversion to a Chapter 13 except by request of the debtor. The Debtors herein have made such a request and comply with the requirements of § 109(e) to be a debtor under Chapter 13. Section 706(a) allows a debtor to convert a case under Chapter 7 to Chapter 11 or 13 at anytime if the debtor has not been previously converted under § 1112 or § 1307. That absolute right to convert is not available to these Debtors because of the prior proceeding in Chapter 11 and Chapter 7. Section 706(b) provides that a case under Chapter 7 may be ordered converted to Chapter 11 at anytime on request of a party in interest and after notice and a hearing. Section 706(c) providing for conversion to Chapter 13 is not so expressive as to what needs to be done but only states that it can be by request of the debtor. By reading said subsection (c) in conjunction with subsection (a) (which grants an absolute right under certain conditions) and subsection (b) which relates to conversion to a Chapter 11 when those certain conditions make subsection (a) inapplicable, we can sense the intent of the Congress to require the conditions set forth in subsection (b) to be equally applicable in subsection (c). It is implicit in subsection (c) that the debtor only has the right to convert on request and after notice and a hearing and for such cause shown to induce the court, in its sound discretion to grant the conversion. To determine otherwise would be to negate the provision of subsec-

tion (a) which grants the absolute right to convert if no prior conversion has taken place. Section 706 must be read in its entirety and any decision relative to conversion under subsections (b) or (c) is left to the sound discretion of the court based on what most inures to the benefit of all parties in interest. This is borne out by the legislative history which states that the grant of the request lies within the sound discretion of the court. H.R.Rep.No.595, 95th Cong. 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, p. 5963; S.Rep. No.989, 95th Cong.2d Sess. 94 (1978), U.S. Code & Admin.News 1978, p. 5787.

Prior to the hearing on the conversion from Chapter 11 to Chapter 7 the Debtors could have under 11 U.S.C. § 1112(d) requested a conversion to Chapter 13. That subsection provides that the court may order the conversion and there is no specific language indicating the need for notice and a hearing. Subsections (a), (b) and (c) of § 1112 relate only to conversion to Chapter 7 and the nature and hearing requirements in subsection (b) would apply only to a conversion to Chapter 7. Consequently, there is no specific requirement of notice and a hearing in § 1112 as to a conversion to Chapter 13 for subsection (d) only requires that the debtor request the conversion and that the court may order it converted.

At the hearing on the conversion from Chapter 11 to 7 conducted on November 25, 1980, Debtors' counsel stated that he could not without further discussion with the Debtors and a review of their financial affairs, make an appropriate determination to convert the case to a proceeding under Chapter 13. The Court in ordering the conversion to a case under Chapter 7 ordered that no trustee be appointed for a period of ten days in order to allow the Debtors to file a motion to convert to Chapter 13. A viable alternative would have been to defer a decision to enter the order converting the case to Chapter 7 in order to allow the Debtors sufficient time to ascertain if a conversion to Chapter 13 was appropriate. The Court would then have

under those conditions been privileged to make the conversion without notice and hearing provided the Debtors made such a request and had not received a discharge under § 1141(d) of the Bankruptcy Code.

 The Court is not appreciative of any reason why this case was initially filed as a Chapter 11 proceeding. It was in all probability a mistake. It certainly would be more expensive and the benefits to the Debtors would have been less. The Court cannot find any bad faith on the part of the Debtors in rambling from Chapter 11 to Chapter 7 and now to request to be placed under Chapter 13. The Code certainly provides for the transfer.

The sum and substance of the creditor's objection to the conversion to Chapter 13 relate to their inability to fund a plan because of their current expenses. The Debtors own their home and several motor vehicles which constitute a drain upon their disposable income. The Court does not dispute the lack of available funds if the Debtors intend to retain all the property presently owned by them in which security interest exist for the benefit of creditors. The issues raised at the hearing on conversion relating to the ability to formulate and execute a plan are issues more properly raised at the hearing on confirmation. Until a plan is submitted, the Court cannot and should not presuppose what the Debtors plan will encompass or what it may take to fund it. Only after the plan has been offered for confirmation can it be determined whether or not it comports with § 1325 of the Code. The Debtors may be able to reduce their existing monthly expenses to create a fund of disposable income on which a formulated plan can be based. Mr. Sensibaugh has shown a stability of employment such that he has remained with the same employer for more than 30 years. He is not a will-of-the-wisp. It is for this type of debtor that this Court believes that Chapter 13 was enacted. To grant them the right to convert and to file a plan lies within the sound discretion of the Court. It may be that a Chapter 13 plan cannot be formulated that will meet the conditions of § 1325, but to deny the Debtors the opportunity to attempt it would be wrong.

It is ORDERED that this matter be now CONVERTED from Chapter 7 to Chapter 13 of the Bankruptcy Code.