**In re Glen C. RICHARDSON and Martha M. Richardson, Debtors.**

**Bankruptcy No. 82–1590.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 24, 1984.

637

A. Karl Stevens, David W. Steen, Tampa, Fla., for debtors.

## ORDER ON MOTION FOR RECONSIDERATION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Reconsideration filed by Glen G. Richardson and Martha M. Richardson, the Debtors in the above-styled Chapter 7 case. The Motion is addressed to this Court's Order of July 17, 1984 in which the Court vacated a June 12, 1984 Order which converted the Debtor's Chapter 7 case to one under Chapter 13, and which reinstated the case to one under Chapter 7 of the Bankruptcy Code.

The Court heard argument of counsel, considered the record and finds as follows:

On August 9, 1982 the Debtors filed a Voluntary Joint Petition pursuant to Chapter 13 of the Bankruptcy Code. On June 8, 1983 the Court entered an Order converting the case from Chapter 13 to Chapter 7, and Lawrence S. Kleinfeld was appointed interim trustee. Thereafter, on September 30, 1983 the Debtors filed a Notice of Conversion from Chapter 7 to Chapter 13. On October 31, 1983 this Court entered an Order and prohibited the Debtors from converting the case back to a Chapter 13 because (1) the method used to effectuate a conversion was improper (i.e. Notice of Conversion) and (2) § 706 of the Code prohibits reconversion of a case to a Chapter 13 after a previous conversion pursuant to § 1307.

The record reveals the following:

On June 1, 1984 the Debtors filed a Motion to Convert the case to a Chapter 13, and on June 12, 1984, the Court entered an Order and granted the Motion. On June 19, 1984, the Chapter 7 Trustee filed a Motion for Reconsideration based on the ground that the case was originally filed as a Chapter 13 case; that the Debtors converted the same to a Chapter 7 case, and since the Debtors unsuccessfully attempted to reconvert this case by filing a Notice of Conversion on September 30, 1983, the instant attempt to reconvert is expressly prohibited by § 706(a) of the Bankruptcy Code. On July 17, 1984 this Court entered an Order and granted the Motion for Reconsideration, vacated the June 12 Order of Conversion, and reinstated the Chapter 7 case.

On July 23, 1984 the Debtors filed the instant Motion for Reconsideration which is addressed to the July 17, 1984 Order. The Debtors contend that they are eligible, able and willing to effectuate a Chapter 13 Plan and that a conversion of the case to a Chapter 13 is in the best interest of creditors, the estate and the Debtors. In addition, the Debtors argue that § 706(a) of the Code, when read in conjunction with 706(c), simply provides that while a Debtor has an *absolute* right to convert only if there has been no previous conversion under § 1307, the Debtor has a right to *request* a reconversion pursuant to § 706(c), even if a previous conversion has been effectuated. It is the Debtors' position that to read § 706(a) as an absolute prohibition to convert a Chapter 7 which has previously been converted, would render § 706(c) meaningless. In support of this proposition, the Debtor relies on the case of *In re Sensibaugh,* 9 B.R.

45, 4 C.B.C. 23 (Bankr.E.D.Va.1981) in which the Bankruptcy Court held that where there are no objections, a debtor may convert a Chapter 7 case to a case under Chapter 13 despite a prior conversion to Chapter 7 from Chapter 11. The controlling statutory provisions are the following:

§ 706 Conversion

(a) The debtor may convert a case under this chapter to a case under Chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title ...

(b) On request of a party in interest and after notice and a hearing, the Court may convert a case under this Chapter to a case under Chapter 11 of this title at any time.

(c) The Court *may not* convert a case under this Chapter to a case under Chapter 13 of this title unless the debtor requests such conversion.

(d) x x x

11 U.S.C. § 706. The legislative history of § 706(a) makes it clear that the debtor has a "one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan," but if the case has been converted from Chapter 11 or 13 to a Chapter 7, the debtor no longer has the right to convert. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6336; S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978), U.S.Code Cong. & Admin.News 1978, p. 5880. The purpose of this provision is to allow the debtor the opportunity to repay his debts, while preventing the debtor from repeatedly seeking to convert the case back to an 11 or 13 after it has once been converted to a Chapter 7 liquidation. 4 *Collier on Bankruptcy*, § 706(c) does not carve out an exception to § 706(a) but rather, as noted in the legislative history, "... is part of the prohibition against involuntary Chapter 13 cases, and prohibits the Court from converting a case to a Chapter 13 without the debtor's consent." *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d

Sess. 94 (1978). *See also* 11 U.S.C. § 303. Clearly, a literal reading of § 706(a) does not, as these Debtors suggest render § 706(c) meaningless.

In light of the foregoing, this Court is satisfied that neither the position urged by these Debtors nor the holding of *Sensibaugh, supra* are persuasive in view of the clear language of § 706(a) and the accompanying legislative history of the Section. Based on the foregoing, this Court is satisfied that the Motion for Rehearing is without merit and shall be denied. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing filed by Glen C. Richardson and Martha M. Richardson be and the same hereby is denied.