**In re Gary Lee HOLLAR, Ruth Ann (Rudi) Hollar, Debtors.**

**Bankruptcy No. 3–86–00867.**

United States Bankruptcy Court, E.D. Tennessee.

Feb. 9, 1987.

Shanks & Blackstock, John P. Newton, Jr., Gregory D. Shanks, Knoxville, Tenn., for debtors.

McGehee & Grubb, P.C., Daniel F. McGehee, Knoxville, Tenn., for Yellow Plum Mountain Design, Inc. and Adam Dunham.

Brabson & Kite, Charles W. Kite, Sevierville, Tenn., for Third Nat. Bank in Sevier County.

John D. Kreis, Knoxville, Tenn., Trustee.

## MEMORANDUM ON DEBTORS' MOTION TO CONVERT TO CHAPTER 13

RICHARD STAIR, Jr., Bankruptcy Judge.

At issue is whether the debtors may convert from Chapter 7 to Chapter 13, 11

---

U.S.C.A. § 706(a) (West 1979), where the court has previously converted their case from Chapter 11 to Chapter 7. Conceding they do not have an absolute right, the debtors nonetheless contend they should be permitted to convert to Chapter 13. Yellow Plum Mountain Design, Inc. (Yellow Plum), a creditor, contends § 706(a) precludes conversion.

On April 23, 1986, the debtors filed a Chapter 11 bankruptcy petition. On October 9, 1986, Third National Bank filed a motion to convert to Chapter 7 because the debtors had not proposed a plan of reorganization. On October 14, 1986, contending the debtors' failure to file a plan was prejudicial to creditors, Yellow Plum also filed a motion to convert to Chapter 7. The debtors opposed, and requested dismissal of, the motions to convert to Chapter 7. Alternatively, the debtors requested conversion to Chapter 13. On December 8, 1986, the court entered an order converting the debtors' case to Chapter 7. The debtors filed a notice of appeal of the order converting their case to Chapter 7.

On December 23, 1986, the debtors filed a motion to convert their case to Chapter 13. They assert that unsecured creditors will not receive any dividend in Chapter 7. The debtors further assert they are both employed and "are capable of forming a Chapter 13 plan."

Section 706 of Title 11 of the United States Code enacts in part:

*Conversion*

(a) The debtor may convert a case under this chapter [7] to a case under chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

. . . .

(c) The court may not convert a case under this chapter to a case under chapter 13 of this title unless the debtor requests such conversion.

. . . .

11 U.S.C.A. § 706 (West 1979).

Yellow Plum maintains conversion to Chapter 13 is prohibited because the court previously converted the debtors' case to Chapter 7 pursuant to Bankruptcy Code § 1112.

The legislative history accompanying § 706 recites in part:

Subsection (a) of this section gives the debtor one absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right. The policy of the provision is that the debtor should always be given the opportunity to repay his debts.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 380, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6336.

The "right" lost where a case has been previously converted from Chapter 11 or 13 to Chapter 7 is the absolute right to convert from Chapter 7 to Chapter 13 at any time. Prohibiting a permissive conversion contravenes "[t]he policy of the provision ... that the debtor should always be given the opportunity to repay his debts." *Id.* Referring generally to Chapter 13 of the Bankruptcy Reform Act of 1978, the House Report also provides:

The premises of the bill with respect to consumer bankruptcy are that use of the bankruptcy law should be a last resort; that if it is used, debtors should attempt repayment under chapter 13. . . .

H.R.Rep. No. 595, 95th Cong., 1st Sess. 118, *reprinted in* 1978 U.S.Code & Cong. Admin.News 5963, 6078.

 Public policy favors repayment of debts. Absent abuse of the bankruptcy laws or other extraordinary circumstances, where their case has been previously converted pursuant to § 1112 or § 1307, debtors otherwise eligible for Chapter 13 relief should not be barred from permissively converting to that chapter. *In re Sensibaugh*, 9 B.R. 45, 47 (Bankr.E.D.Va.1981) (court has discretion to grant right to convert to Chapter 13 where case previously

converted pursuant to § 1112). *Contra In re Richardson*, 43 B.R. 636 (Bankr.M.D. Fla.1984).

The debtors' motion to convert to Chapter 13 will be granted.