**In re Gerald WALKER, Debtor.**

**Bankruptcy No. BK–S–85–1193.**

United States Bankruptcy Court, D. Nevada.

Aug. 10, 1987.

### ORDER DENYING APPLICATION TO CONVERT TO CHAPTER 13

ROBERT CLIVE JONES, Chief Judge.

The debtor, Gerald Walker, filed a petition for relief under chapter 11 of the Bankruptcy Code on August 16, 1985. On September 17, 1986 Walker voluntarily converted the case to a chapter 7 pursuant to 11 U.S.C. section 1112. On April 10, 1987 Walker filed an application to convert to a chapter 13.

Several creditors of Walker have objected to the application to convert to chapter 13, asserting that 11 U.S.C. section 706(a) bars such a conversion. Section 706 provides in pertinent part:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. . . .

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such a conversion.

Walker contends that under section 706(a) a debtor merely loses the *absolute*

*right* to convert from a chapter 7 to a chapter 11, 12 or 13 if there has been a previous conversion to a chapter 7 under sections 1112, 1208 or 1307. Walker argues that conversion is still possible pursuant to section 706(c) at the discretion of the court and after notice and a hearing. The creditors contend that under section 706(a) the debtor loses the right to convert from a chapter 7, once there has been a previous conversion from chapters 11, 12 or 13.

There appears to be a split of authority on this issue. In *In re Sensibaugh*, 9 B.R. 45 (Bankr.E.D.Va.1981) the court held that where there are no valid or proper objections, a debtor may convert from chapter 7 to chapter 13, despite a prior conversion to chapter 7 from chapter 11. The *Sensibaugh* court noted:

Section 706(b) provides that a case under Chapter 7 may be ordered converted to Chapter 11 at anytime on request of a party in interest and after notice and a hearing. Section 706(c) providing for conversion to Chapter 13 is not so expressive as to what needs to be done but only states that it can be by request of the debtor. By reading said subsection (c) in conjunction with subsection (a) (which grants an absolute right under certain conditions) and subsection (b) which relates to conversion to a Chapter 11 when those certain conditions makes subsection (a) inapplicable, we can sense the intent of the Congress to require the condition set forth in subsection (b) to be equally applicable in subsection (c). It is implicit in subsection (c) that the debtor only has the right to convert on request and after notice and a hearing and for such cause shown to induce the court, in its sound discretion to grant the conversion. To determine otherwise would negate the provision of subsection (a) which grants the absolute right to convert if no prior conversion has taken place. Section 706 must be read in its entirety and any decision relative to conversion under subsections (b) or (c) is left to the sound discretion of the court based on what most inures to the benefit of all parties in interest. This is borne out of the legislative history which states that the

grant of the request lies within the sound discretion of the court.

9 B.R. at 46; *see also In re Texas Extrusion Corp.*, 68 B.R. 712, 727–728 (N.D.Texas 1986) (although not citing *Sensibaugh*, implicitly agreeing with it by holding that the bankruptcy court did not abuse its discretion in reconverting a case to chapter 11 after the debtor had converted the case to a chapter 7.)

In *In re Richardson*, 43 B.R. 636 (Bankr. M.D.Fla.1984), the court, rejecting *Sensibaugh*, held that a debtor who had previously converted from a chapter 11 to a chapter 7 had lost the right to reconvert to a chapter 13. The *Richardson* court stated that it was persuaded by the legislative history of section 706(a), that a debtor has an absolute right of conversion of a liquidation case to a reorganization or individual repayment plan, but if the case has been previously converted, the debtor no longer has the right to convert. 43 B.R. at 638. The Senate Report discussed in *Richardson* provides as follows:

Subsection (a) of this section gives the debtor the one-time *absolute right* of conversion of a liquidation case to a reorganization or an individual repayment plan case. If the case is already once converted from Chapter 11 or 13 to Chapter 7, then the debtor does not have *that right*. The policy of the provision is that the debtor should always be given the opportunity to repay his debts....

S.Rep. No. 989, 95th Cong. 2nd Sess. 94 (1978). U.S.Code Cong. & Admin.News 1978 5880 (emphasis added).

█ This Court is not persuaded that the quoted legislative history indicates Congressional intent to absolutely prohibit reconversion. Rather, it appears that the term "that right" refers to the "absolute right" of conversion previously mentioned in the report. Nowhere does the Code expressly prohibit reconversion to chapter 13 after notice and a hearing. The Court concludes that section 706(a), when read in conjunction with section 706(c), simply provides that while a debtor has an *absolute* right to convert only if there has been no previous conversion from chapters 11, 12,

or 13, the debtor may request conversion pursuant to section 706(c), even if a previous conversion has been effectuated.

 Nevertheless, it appears from Walker's schedules that his noncontingent, liquidated, unsecured debt exceeds the $100,000 maximum established by 11 U.S.C. section 109(e). Accordingly, Walker's application to convert to chapter 13 is DENIED until such time as Walker demonstrates to the Court that the chapter 13 eligibility requirements imposed by section 109(e) have been satisfied.