### In re Robert Earl CARTER, Iyla May Carter.

No. 86–1798.

United States District Court, D. Kansas.

March 22, 1988.

Victor S. Nelson, Gott, Young & Bogle, and Edward J. Nazar, Wichita, Kan., for debtors and appellants.

Christopher Redmond, Wichita, Kan., Trustee.

Emily B. Metzger, Asst. U.S. Atty., William H. Zimmerman, Jr., Wichita, Kan., Jan Leuenberger, Topeka, Kan., for appellee.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is an appeal brought by the debtors from the bankruptcy court's order denying the debtors' motion to convert their case from a Chapter 7 proceeding to a Chapter 13 proceeding.

The district court's standard of review on a bankruptcy appeal is found in Bankruptcy Rule 8013, which provides, in pertinent part: "Findings of Fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." While legal determinations of the bankruptcy court are reviewed *de novo*, the factual findings must be accepted by the district court unless they are clearly erroneous. *In re Branding Iron Motel Inc.*, 798 F.2d 396, 399–400 (10th Cir.1986). Stated another way, the findings of the bankruptcy court will not be disturbed except for the "most cogent reasons appearing in the record." *In re Reid*, 757 F.2d 230, 233–34 (10th Cir.1985). In reviewing the factual findings, the district court does not weigh the evidence and should not reverse any finding because it would have reached a different decision in the first instance. The findings will not be reversed if the perception of the evidence is logical and reasonable on the record. *In re Branding Iron Motel, Inc.*, 798 F.2d at 400.

On or about April 26, 1984, Robert Earl Carter and Iyla May Carter filed a voluntary petition under Chapter 11 in the bankruptcy court. The bankruptcy courtroom minute sheet of October 22, 1985, reflects that the debtors would voluntarily convert to a Chapter 7 proceeding. The conversion was later involuntarily accomplished by a court order filed January 31, 1986. Supplemental motions for relief from stay were filed by the Federal Land Bank and the Emporia State Bank. The debtors moved to convert the Chapter 7 case to a Chapter 13 proceeding. The bankruptcy court thereafter granted the two banks relief from the stay, and the debtors then moved to set aside these orders granting relief from the stay, which was denied. The bankruptcy court also denied the debtors' motion to convert the case to a Chapter 13 proceeding, stating in pertinent part:

The court, after examining the file, hearing statements of counsel, and being fully and duly advised of the premises, finds that the best interests of the creditors of the estate would not be served by conversion of this case to a Chapter 13 proceeding and it is not a proper exercise of this court's discretion to convert a case from a Chapter 7 proceeding to a Chapter 13 proceeding when the case was initially filed as a Chapter 11 proceeding and involuntarily converted.

(Order of Bankruptcy Court filed August 29, 1986.) The debtors' later motions to reconsider this order and the order granting relief from the stay were denied. The debtors appeal those orders.

The debtors contend the bankruptcy court erred in denying their request to convert the case to a Chapter 13 proceed-

ing. The first issue is whether the debtors had the right to request a conversion to Chapter 13 under 11 U.S.C. § 706, which provides:

> (a) The debtor may convert a case under this chapter to a case under chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> (b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.
>
> (c) The court may not convert a case under this chapter to a case under chapter 13 of this title unless the debtor requests such conversion.
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

The debtors rely exclusively on *In re Sensibaugh,* 9 B.R. 45 (Bankr.E.D.Va.1981) as authority for their right to convert to Chapter 13 on their request and upon leave of the court. In *Sensibaugh,* the court construed 11 U.S.C. § 706 in such a manner to grant the debtors a discretionary right to convert even though the debtors' right was lost under 11 U.S.C. § 706(a). Specifically, the court interpreted § 706 as follows:

> By reading said subsection (c) in conjunction with subsection (a) (which grants an absolute right under certain conditions) and subsection (b) which relates to conversion to a Chapter 11 when those certain conditions make subsection (a) inapplicable, we can sense the intent of the Congress to require the conditions set forth in subsection (b) to be equally applicable in subsection (c). It is implicit in subsection (c) that the debtor only has the right to convert on request and after notice and a hearing and for such cause shown to induce the court, in its sound discretion to grant the conversion. To determine otherwise would be to negate the provision of subsection (a) which grants the absolute right to convert if no

prior conversion has taken place. Section 706 must be read in its entirety and any decision relative to conversion under subsections (b) or (c) is left to the sound discretion of the court based on what most inures to the benefit of all parties in interest.

*In re Sensibaugh,* 9 B.R. at 46.

Other courts have followed this interpretation of § 706. *In re Trevino,* 78 B.R. 29 (Bankr.M.D.Pa.1987); *In re Walker,* 77 B.R. 803 (Bankr.D.Nev.1987); *In re Hollar,* 70 B.R. 337 (Bankr.E.D.Tenn.1987). These courts have also looked to the following legislative history:

> Subsection (a) of this section gives the debtor the one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right. The policy of the provision is that the debtor should always be given the opportunity to repay his debts, and a waiver of the right to convert a case is unenforceable.
>
> Subsection (b) permits the court, on request of a party in interest and after notice and a hearing, to convert the case to chapter 11 at any time. The decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest.

S.Rep. No. 989, 95th Cong., 2d sess. 94 (1978), U.S.Code & Admin.News 1978, p. 5787, 5880. *See also* H.R.Rep. No. 595, 95th Cong. 1st Sess. 380 (1977), U.S.Code & Admin.News 1978, p. 5963, 6336. Focusing on the adjective "absolute," the bankruptcy court in *Walker* concluded that the debtor only loses his "absolute" right to convert and "the debtor may request conversion pursuant to section 706(c), even if a previous conversion has been effectuated." 77 B.R. at 804–805. In *Hollar,* the bankruptcy court emphasized the policy that a debtor should always have the opportunity to repay his debts and believed this policy would be contravened by a bar to permissive conversions. 70 B.R. at 338; *see also*

*In re Sensibaugh,* 9 B.R. at 47. As a result, these courts have latched upon the legislative history language behind subsection (b), in holding that a debtor's request for a second conversion rests with "the sound discretion of court, based on what will most inure to the benefit of all parties in interest." *In re Trevino,* 78 B.R. at 32; *In re Sensibaugh,* 9 B.R. at 46; *accord, In re Walker,* 77 B.R. at 804.

A contrary approach is found in another line of decisions. *In re Richardson,* 43 B.R. 636, 637–38 (Bankr.M.D.Fla.1984); *In re Nimai Kumar Ghosh,* 38 B.R. 600, 603 (Bankr.E.D.N.Y.1984); *In re Bumpass,* 28 B.R. 597 (Bankr.S.D.N.Y.1983). These courts have held that § 706(a) prohibits a debtor's second attempt to convert and consequently, that a discretionary right to convert does not exist for the debtor under § 706. In *Richardson,* the court explained its conclusion as consistent with the literal language of § 706 and its legislative history.

■ The legislative history of § 706(a) plainly supports the interpretation that a debtor's right to convert is lost once it has been exercised. The legislative history behind subsection (c) to § 706 does not make any reference to a debtor's discretionary right to convert; instead, it is only "part of the prohibition against involuntary chapter 13 cases, and prohibits the court from converting a case to chapter 13 without the debtor's consent." S.Rep. No. 989, 95th Cong. 2d Sess. 94 (1978), U.S.Code & Admin.News 1978, at 5787, 5880; see *In re Richardson,* 43 B.R. at 638. The use of "absolute" in the legislative history has been accorded undue significance by those courts finding a discretionary right. Congress' effort to specify an unconditional right of conversion for debtors also supports a reasonable inference that a debtor's right to convert under § 706 is limited to a single opportunity, since nothing prevented Congress from particularly referring to a discretionary right of conversion. The legislative history to subsection (b) of § 706 is only indicative of those circumstances under which a party in interest may seek a conversion under Chapter 11. To interpret § 706 as allowing only one opportunity to a debtor to convert does not compromise the force and effect of any subsections to § 706. Each serves a compatible purpose as indicated by the legislative history.

A restriction on the right to convert bars repeated attempts to convert which could otherwise delay the proceedings. *See In re Richardson,* 43 B.R. at 638. Section 706(a) "prevents debtors from repeatedly seeking conversion back to Chapter 11, 12, or 13 once their case has been converted to liquidation under Chapter 7." 4 *Collier on Bankruptcy,* ¶ 706.01 (1987). It could be argued that making the right to convert discretionary with the court could curb the possible abuse of repeated conversions, but it does not prevent repeated attempts to convert. The harm of delay remains a real possibility with a discretionary right to convert, since a hearing in each instance would be necessary to determine the debtors' motive and other relevant background circumstances.

Even if the debtors are barred from converting their case, they may file a new Chapter 13 petition during the pendency of his Chapter 7 case. *In re Nimai Kumar Ghosh,* 38 B.R. at 604. This court believes that Congress in granting the debtors one chance to convert struck a balance between the competing policy of the debtor's opportunity to repay and the potential disadvantage of delay caused by repeated attempts to convert. The bankruptcy court properly denied the Carters' request to convert to a Chapter 13 proceeding.

■ Even assuming the Carters had a discretionary right under § 706 to request a conversion, the bankruptcy court did not abuse its discretion in denying their request. The fact the bankruptcy court mentioned only the creditors' interest in the memorandum decision is not an abuse of discretion by itself. To accept the debtors' argument that satisfaction of the debtors' eligibility requirements under Chapter 13 is the only determination required in the court's exercise of such discretion would provide debtors with almost limitless opportunities to convert their cases. None of the courts adopting the discretionary right

approach have limited the court's authority to deny conversion to such narrow grounds.

The courts should look behind the debtors' basic eligibility requirements and discern whether the debtors have the financial capacity to make a good faith effort to formulate a reasonable plan within the terms of relevant Code provisions. *See generally In re Trevino* 78 B.R. at 32; *In re Sensibaugh,* 9 B.R. at 47. It is apparent the bankruptcy court had serious reservations regarding the Carters' financial ability and motives since they had been unable to formulate an acceptable Chapter 11 plan and since the Federal Land Bank and the Emporia state Bank had been granted relief from the automatic stay. In addition, a substantial period of time had passed since the debtors had voluntarily filed their initial Chapter 11 petition. The courts have a strict duty to prevent any use of the Code causing undue delay. *In re Waldrep,* 20 B.R. 248, 250 (Bankr.W.D.Tex.1982). In light of the above mentioned circumstances and the possible prejudice to the creditors, the bankruptcy court did not abuse its discretion in denying the debtors' request to convert. Consequently, the debtors were not entitled to have the automatic stay reimposed as requested.

IT IS THEREFORE ORDERED that the bankruptcy court's orders denying the debtors' motions to convert their Chapter 7 case to a Chapter 13 proceedings and to reimpose the automatic stay are affirmed.