**In re Joseph P. HANNA, d/b/a Joe Hanna and Son, f/d/b/a Hanna Restaurant Equipment, Debtor.**

**Bankruptcy No. 88–1658–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 1, 1989.

Valerie J. Hall, Jacksonville, Fla., trustee.

**592**

Lynne England, Tampa, Fla., U.S. trustee.

Joseph A. Hanna, pro se.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Debtor's Motion to Re–Convert Case from Chapter 7 to Chapter 13 pursuant to 11 U.S.C. § 706(a). The sole question to be decided is whether conversion is authorized where debtor has previously elected to convert from Chapter 13 to Chapter 7. A hearing on the motion was held May 3, 1989, and upon the arguments presented, the Court enters the following Memorandum Opinion:

### FACTS

On July 25, 1988, Joseph P. Hanna filed a petition for relief under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 1301, *et seq.* Upon the debtor's own motion, the Case was converted to Chapter 7 and Valerie J. Hall was appointed as trustee.

On January 3, 1989, the debtor requested a reconversion of this case to Chapter 13. The Court on its own motion raised the issue of whether reconversion was permitted in light of the prohibition set forth in § 706(a). The question was taken under advisement and interested parties were given the opportunity to file briefs. None were received.

### DISCUSSION

Debtor's motion is predicated upon 11 U.S.C. § 706. The relevant portions of this statute provide:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

\*　　\*　　\*　　\*　　\*　　\*

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such conversion.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

At first blush, it appears that reconversion to chapter 13 is strictly prohibited. However, the statute may also be read to suggest that debtor loses only the "absolute" right to convert to Chapter 13 after having previously converted to Chapter 7 under § 1112, § 1208, or § 1307 of the Bankruptcy Code. Consequently, the courts addressing this issue have often reached different results.

The most often cited case allowing reconversion is *In re Sensibaugh*, 9 B.R. 45 (Bkrtcy.E.D.Va.1981). There, the court held that where there are no valid or proper objections, a debtor may convert from Chapter 7 to Chapter 13, despite a prior conversion to Chapter 7 from Chapter 11. In a rather lengthy discussion, the court noted:

Section 706(b) provides that a case under Chapter 7 may be ordered converted to Chapter 11 at anytime on request of a party in interest and after notice and hearing. Section 706(c) providing for conversion to Chapter 13 is not so expressive as to what needs to be done but only states that it can be by request of the debtor. By reading said subsection (c) in conjunction with subsection (a) (which grants an absolute right under certain conditions) and subsection (b) which relates to conversion to Chapter 11 when those certain conditions makes subsection (a) inapplicable, we can sense the intent of Congress to require the condition set forth in subsection (b) to be equally applicable to subsection (c). It is implicit in subsection (c) that the debtor only has the right to convert on request and after notice and a hearing and for such cause shown to induce the court, in its sound discretion to grant the conversion. To determine otherwise would negate the provision of subsection (a) which grants the absolute right to convert if no

prior conversion has taken place. Section 706 must be read in its entirety and any decision relative to conversion under subsection (b) or (c) is left to the sound discretion of the court based on what most inures to the benefit of all parties in interest. This is borne out of the legislative history which states that the grant of the request lies within the sound discretion of the court.

*Id.* at 46.

This reasoning has been followed in at least two cases. For example, in *In re Walker*, 77 B.R. 803 (Bkrtcy.D.Nev.1987), the court looked to § 706(c) to find that a former Chapter 11 debtor was entitled to convert from Chapter 7 to 13. The court determined that § 706(a) must be read in conjunction with § 706(c) and that the debtor may convert to Chapter 13 after notice and a hearing.

Similarly, in *In re Hollar*, 70 B.R. 337 (Bkrtcy.E.D.Tenn.1987), the court held that the only "right" lost when a case is converted from Chapter 11 or 13 to Chapter 7 is the "absolute right" to convert from Chapter 7 to Chapter 13 at any time. Because the Code favors the repayment of debt, the court found that "[a]bsent abuse of the bankruptcy laws or other extraordinary circumstances ... debtors otherwise eligible for Chapter 13 relief should not be barred from permissively converting to that chapter." *Id.* at 338. *See also, In re Texas Extrusion Corp.*, 68 B.R. 712, 727–728 (D.N.D.Texas 1986); *In re Trevino*, 78 B.R. 29 (Bkrtcy.M.D.Pa.1987); *In re Walker*, 77 B.R. 803.

Another line of cases holds differently. For instance, in *In re Ghosh*, 38 B.R. 600, 603 (Bkrtcy.E.D.N.Y.1984), the Court opined:

> [T]he language of Section 706 clearly bars a debtor from converting a case from Chapter 7 to Chapter 13 more than once.... The language of this statute is not discretionary. By its plain meaning it bars the debtor from this second attempt at conversion.

The court went on to note that the debtor was entitled to file a separate Chapter 13 petition during the pendency of the Chap-

ter 7 case, provided, however, that the debtor satisfied the element of good faith. *Accord, In re Bumpass*, 28 B.R. 597 (Bkrtcy.S.D.N.Y.1983).

Similarly, in *In re Richardson*, 43 B.R. 636 (Bkrtcy.M.D.Fla.1984), the court focussed on the legislative history of § 706(a) to find that a debtor does not have a right to convert a case to Chapter 13 or 11 after having already made the decision to convert from Chapter 11 or 13 to Chapter 7. According to that court, § 706(c) is not an exception to § 706(a), and is instead part of the prohibition against involuntary Chapter 13 cases, and prohibits the court from converting a case to a Chapter 13 without the debtor's consent. *See*, H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978), U.S. Code Cong. & Admin.News, p. 5787 (1978).

This Court agrees with the rationale of *In re Richardson* and finds that § 706(c) does not provide an exception to § 706(a). The two sections are mutually exclusive and must be read independently of each other. Section 706(c) neither adds to or creates an exception to § 706(a).

When there is ambiguity in a statute, the Court may look to the legislative history behind the statute to reach a proper interpretation. The legislative comments which accompany this section read as follows:

> Subsection (a) of this section gives the debtor the one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 94 (1978). U.S.Code Cong. & Admin.News 5880 (1978).

The legislative history of § 706(a) clearly supports the interpretation that a debtor's right to convert is lost once it has been exercised. As stated in *In re Carter*, 84 B.R. 744, 747 (D.Kan.1988), "the use of 'absolute' in the legislative history has been accorded undue significance by those

courts finding a discretionary right. Congress' effort to specify an unconditional right of conversion for debtors also supports a reasonable inference that a debtor's right to convert under § 706(a) is limited to a single opportunity."

The decision to limit the right of conversion to a single opportunity is well reasoned. More specifically, it bars repeated attempts to convert which could otherwise delay the proceedings. As one treatise points out, § 706(a) "prevents debtors from repeatedly seeking conversion back to Chapter 11, 12, or 13 once their case has been converted to liquidation under Chapter 7." 4 *Collier on Bankruptcy*, 706.01 (1987). While it can be argued that making the right to convert discretionary with the court would curb the possible abuse of repeated conversions, such an interpretation would not prevent repeated attempts to convert. The harm of delay remains a real possibility with a discretionary right to convert, since a hearing upon due notice would be required in each instance to evaluate the debtor's motive and other relevant considerations.

Obviously, Congress in granting the debtors a single chance to convert struck a balance between the competing policy of the debtor's opportunity to repay and the potential disadvantage of delay caused by repeated attempts to convert. Surely, Congress considered the goal of finality to be paramount to the goal of repayment. Because the debtor has already exercised his privilege to convert from Chapter 13 to Chapter 7, he is now barred from reconverting to Chapter 13. Having so concluded, the Court need not address whether the debtor is eligible for relief under Chapter 13.

The Court will enter a separate order denying debtor's motion in accordance with these findings.