**In re Julia J. BAKER, Debtor.**

**No. 00–00023–DHW.**

United States Bankruptcy Court,
M.D. Alabama.

Feb. 25, 2003.

M. Joanne Camp, Opelika, AL, for Debtor.

Cecil M. Tipton, Jr., Ray & Tipton, Opelika, AL, for Trustee.

## MEMORANDUM DECISION

WILLIAM R. SAWYER, Chief Judge.

This Chapter 7 case came before the Court for hearing on January 27, 2003, upon the Debtor's motion to convert this case to a case under Chapter 13. (Doc. 29). Chapter 7 Trustee, Cecil M. Tipton, Jr., opposes the motion. (Doc. 34). For the reasons set forth below, the motion is DENIED.

## I. Facts

The facts of this case are not in dispute. This case was commenced on January 3, 2000, when the Debtor filed a voluntary petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. On November 7, 2002, the Debtor converted her Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code.[1] The Debtor owned a residence, valued at $29,000 at the time she filed her petition on January 3, 2000. At some point in time subsequent to that date, and prior to conversion of this case to Chapter 7, she transferred her residence to her daughter for no consideration. At the Section 341 meeting of creditors for the Chapter 7 case, which was held on December 17, 2002, the Debtor's transfer of her residence was brought to light. At that time, the Chapter 7 Trustee announced his intention to attempt to recover the residence for the benefit of the creditors.[2] One week later, on December 24, 2002, the Debtor filed the instant motion to convert this case back to Chapter 13.[3]

## II. Conclusions of Law

The question presented is whether the Debtor may convert her Chapter 7 case to

---

1. *See* 11 U.S.C. § 1307(a), which provides that "[t]he debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable."

2. Property transferred by one who is insolvent for no consideration is presumptively fraudulent and subject to recovery by the Trustee. 11 U.S.C. § 548. The Trustee expressed his opinion that this would be a strong fraudulent conveyance case and that he would expect to prevail. The Court's ruling on the Debtor's motion to convert her case should not be interpreted as a finding that the Trustee has done anything more than state a claim for which relief may be granted.

3. The Debtor refers to this as a "Motion to Reconvert." The Bankruptcy Code does not use the term "reconvert," however, it is frequently used in case law to describe situations such as this. For purposes of discussion, the Court will use the term.

a case under Chapter 13 when she previously converted this case under Section 1307. In the view of the undersigned, she may not because the plain language of the statute bars reconversion. First, the Court will examine the text of Section 706. Second, the Court will examine reported case law on this question. Third, the Court will discuss the competing policy interests and discuss why the Court believes that the proper interpretation of Section 706 bars reconversion.

### A. Section 706

The question presented is governed by the provisions of Section 706 of the Bankruptcy Code, which provides as follows:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, *if the case has not been converted under section 1112, 1208, or 1307 of this title.* Any waiver of the right to convert a case under this subsection is unenforceable.

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such conversion.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706 (emphasis added).

■ When interpreting the Bankruptcy Code, one first looks to its plain language. *Patterson v. Shumate,* 504 U.S. 753, 757–58, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Toibb v. Radloff,* 501 U.S. 157, 160, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). This Court will first undertake an analysis of this Bankruptcy Code section, one subsection at a time.

■ Subsection (a) permits debtors to convert their Chapter 7 case to a case under another chapter. There are two important limitations on this provision. First, this subsection is available only to debtors. No other party in interest may use this provision to convert a case. Second, as the emphasized language indicates, this privilege is available only if the case has not been converted previously under Section 1112, 1208 or 1307. If there has been a previous conversion, as in this case, the debtor is not entitled to use Section 706(a) to convert her case to another chapter.

There are two important aspects of subsection (a) that should be noted. Unlike sub-section (b), there is no mention of notice and a hearing. This suggests that other parties in interest are not given the opportunity to object to conversion.[4] The second aspect of note is that conversion to Chapter 11, 12 or 13 is available. Subject to the limitations discussed above, debtors are given considerable flexibility.

■ Subsection (b), like subsection (a), deals with conversion but it differs in several important ways. First, subsection (b) is available to all parties in interest and not just debtors. Second, subsection (b) permits conversion only to Chapter 11, unlike subsection (a), which permits conversion to Chapter 11, 12 or 13. Third, conversion under subsection (b) is available only after notice and a hearing. Fourth, subsection (b) is available "at any time." Therefore, a prior conversion would not disqualify a party in interest

---

4. The Court does not reach the question whether it is bound to convert under Section 706(a) in all cases without regard to other equities.

from making a motion under subsection (b). This is in contrast to subsection (a) which is unavailable if there has been a prior conversion.

Subsections (c) and (d), do not create any right of conversion in any party in interest, but rather impose additional limitations upon otherwise-allowed conversions. Subsection (c) makes clear what is otherwise implicit in subsection (b), which is that only a debtor may convert to either Chapter 12 or Chapter 13. In other words, a creditor may convert a Chapter 7 case to a case under Chapter 11 against the debtor's wishes, but may not convert a Chapter 7 case to either Chapter 12 or 13.

Subsection (d) does not permit conversion to any chapter unless the debtor could have filed originally under that chapter. To state it differently, one may not do an end run around the requirements of Section 109 by filing in a permissible chapter and then converting to a chapter in which a debtor may not have filed originally. See 11 U.S.C. § 109 ("Who may be a debtor").

■ The Debtor argues that the statute does not specifically say that she may not convert her case under the instant circumstances. That is, the statute says that a chapter 7 debtor may convert to a case under another. chapter, unless the case previously has been converted. The statute does not state specifically that if the case previously has been converted, then the debtor may *not* convert her case to one under chapter 13. The fact that the statute does not expressly prohibit a second conversion does not create a right to reconvert. The problem with the Debtor's reading of the statute is that it renders the following language superfluous: "if the case has not been converted under section 1112, 1208, or 1307 of this title." It is a fundamental cannon of statutory construction that a statute will be read to give meaning to all of its language so as not to render any portion superfluous. *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); *In re Griffith,* 206 F.3d 1389, 1393 (11th Cir.2000).

## B. Reported Case Law

There are no reported cases on the question presented in this case which are binding upon this Court. However, there are a number of reported cases from other Bankruptcy Courts. An examination of the cases reveals that the cases fall into two groups. First, there are those courts which read Section 706(a) as barring conversion if the case was previously converted. *See In re Carter,* 84 B.R. 744, 747–48 (D.Kan.1988); *In re Banks,* 252 B.R. 399, 402–403 (Bankr.E.D.Mich.2000); *In re Vitti,* 132 B.R. 229, 231 (Bankr.D.Conn.1991); *In re Bryan,* 109 B.R. 534, 534 (Bankr. D.D.C.1990); *In re Hanna,* 100 B.R. 591, 593–94 (Bankr.M.D.Fla.1989); *In re Richardson,* 43 B.R. 636, 638 (Bankr.M.D.Fla. 1984); *In re Nimai Kumar Ghosh,* 38 B.R. 600, 603 (Bankr.E.D.N.Y.1984).

Second, there are those courts which read Section 706(a) to permit reconversion within the Bankruptcy Court's discretion. *See In re Masterson,* 141 B.R. 84, 87–88 (Bankr.E.D.Pa.1992) (allowing a second conversion after notice, a hearing and "careful scrutiny"); *In re Johnson,* 116 B.R. 224, 227 (Bankr.D.Idaho 1990) (expressly finding that the court had discretion to permit reconversion, but denying it under the facts of the case); *In re Trevino,* 78 B.R. 29, 32 (Bankr.M.D.Pa.1987) (finding that the court had discretion to consider reconversion, but not permitting it under the facts of the case); *In re Walker,* 77 B.R. 803, 804–805 (Bankr. D.Nev.1987) (finding that court had discretion to permit reconversion, but denying it in this case because debtor did not qualify

to be a debtor under Chapter 13, citing Section 109(e)); *In re Hollar*, 70 B.R. 337, 338–39 (Bankr.E.D.Tenn.1987) (allowing conversion of a previously converted case when debtors are otherwise eligible for relief under the chapter to which they are converting); *In re Sensibaugh*, 9 B.R. 45, 46 (Bankr.E.D.Va.1981) (finding that a second conversion is within the sound discretion of the court).

The earliest reported case holding that a debtor may "reconvert" is from the Bankruptcy Court for the Eastern District of Virginia. *In re Sensibaugh*, 9 B.R. 45 (Bankr.E.D.Va.1981). In *Sensibaugh*, a debtor filed a case under Chapter 11 on September 5, 1980. On October 7, 1980, the United States Trustee and a creditor moved to convert the case to one under Chapter 7. After notice and a hearing, the case was converted to one under Chapter 7. On December 11, 1980, the debtors moved to convert their case, which was then pending under Chapter 7, to a case under Chapter 13. The Court in *Sensibaugh* found that the debtor could reconvert under these circumstances:

> By reading said subsection (c) in conjunction with subsection (a) (which grants an absolute right under certain conditions) and subsection (b) which relates to conversion to a Chapter 11 when those certain conditions made subsection (a) inapplicable, we can sense the intent of the Congress to require the condition set forth in subsection (b) to be equally applicable in subsection (c).

*Sensibaugh*, 9 B.R. at 46.

In the Court's view, the reasoning of the Court in *Sensibaugh* is fatally flawed because it reads a right of conversion into Section 706(b) which Congress did not provide. Under subsection (b) a case may only be converted to Chapter 11. Had Congress intended to allow permissive conversion to other chapters under subsec-

tion (b) it could easily have provided so. Reasonable persons may differ about whether Congress was wise, or fair, to limit subsection (b) conversions to Chapter 11. But the statute, as written by Congress, is clear and should be applied as actually written. *Hubbard v. United States*, 514 U.S. 695, 702, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995) (stating that "absent any 'indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it.' ") (citation omitted). It is improper statutory construction to take the plain language of sub-section (b) which states that "On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time," and to read it as if it states that "on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11, *12 or 13* of this title at any time." 11 U.S.C. § 706(b) (italicized language added for purposes of discussion).

Moreover, the Court ascertains no ambiguity into Section 706(a). *Contra In re Johnson*, 116 B.R. at 226; *In re Walker*, 77 B.R. at 804–805. The language of the statute is clear enough when the Court gives effect to all of the language contained therein. This Court declines either to read language out of Section 706(a) or to read language into Section 706(b).

In the view of the undersigned, the *Sensibaugh* Court and its progeny have misconstrued Section 706. Based upon the plain language of the statute, the Court takes this opportunity to align itself with the courts which read Section 706(a) to bar a Chapter 7 case which previously has been converted from later converting to Chapter 12 or Chapter 13.

## C. Policy Interests

■ Chapter 13, unlike Chapter 7 or 11, is exclusively voluntary. 11 U.S.C. § 303(a). An involuntary case may be commenced against a debtor under either Chapter 7 or Chapter 11, but a debtor may not be forced, against her will, into a case under Chapter 13. *Id.* Once in Chapter 13, the Code shows much flexibility toward the debtor in terms of conversion and dismissal. *See* 11 U.S.C. § 1307.

■ In a Chapter 13 case that has not been previously converted from another chapter, the debtor may voluntarily dismiss her case or convert it to a case under Chapter 7 as a matter of right. 11 U.S.C. § 1307(a), (b). If the case has been converted previously, the debtor's options are restricted somewhat. As Chapter 13 is exclusively voluntary, she may always convert her case to a case under Chapter 7. § 1307(a). However, her freedom to dismiss a converted case is restricted by Section 1307(b) and (c). A previously converted Chapter 13 case may be dismissed only upon a showing of cause, which is in the discretion of the Court. § 1307(c).

■ Conversely, a case under Chapter 7 of the Bankruptcy Code offers the debtor less flexibility. A debtor does not have an absolute right to dismiss a Chapter 7 case, rather the case may be dismissed only after notice and a hearing and upon a showing of cause. 11 U.S.C. § 707(a). As discussed in Section II(B) above, a debtor has a one-time right to convert a previously unconverted case pursuant to Section 706(a). For the reasons set forth above, the Court finds that it is not in the Court's discretion to allow reconversion. This is another way in which cases under Chapter 7 differ from cases under Chapter 13.

In concluding that there is no right to reconversion, the Court adopts the reasoning set forth by the *Hanna* Court.

> The decision to limit the right of conversion to a single opportunity is well reasoned. More specifically, it bars repeated attempts to convert which could otherwise delay the proceedings. As one treatise points out, § 706(a) "prevents debtors from repeatedly seeking conversion back to Chapter 11, 12, or 13 once their case has been converted to liquidation under Chapter 7." While it can be argued that making the right to convert discretionary with the court would curb the possible abuse of repeated conversions, such an interpretation would not prevent repeated attempts to convert. The harm of delay remains a real possibility with a discretionary right to convert, since a hearing upon due notice would be required in each instance to evaluate the debtor's motive and other relevant considerations. Obviously, Congress in granting the debtors a single chance to convert struck a balance between the competing policy of the debtor's opportunity to repay and the potential disadvantage of delay caused by repeated attempts to convert. Surely, Congress considered the goal of finality to be paramount to the goal of repayment.

*In re Hanna*, 100 B.R. at 594 (citations omitted); *see In re Banks*, 252 B.R. at 403 (adopting reasoning set forth by *Hanna* Court); *In re Carter*, 84 B.R. at 747 ("[t]he harm of delay remains a real possibility with a discretionary right to convert").

Moreover, the Court finds that reliance upon the general policy favoring repayment of debts to allow reconversion is misplaced. *See e.g., In re Hollar*, 70 B.R. at 338 (holding that "[p]ublic policy favors repayment of debts. Absent abuse of the bankruptcy laws or other extraordinary

circumstances, where their case has been previously converted pursuant to § 1112 or § 1307, debtors otherwise eligible for Chapter 13 relief should not be barred from permissively converting to that chapter"). In the view of the undersigned, the general policy is subject to specific prohibitions enumerated in the Code. In Section 706(a) Congress has placed a limit on the opportunity to convert to Chapter 13.

### III. Conclusion

For the reasons set forth above, the Court finds that a Debtor loses his right to convert his case to a case under Chapter 13 if the case previously has been converted. Accordingly, the Debtor's motion to convert the instant case to a case under Chapter 13 is DENIED.