### In re Patricia A. HARDIN, Debtor.

#### No. 00–84047.

United States Bankruptcy Court,
C.D. Illinois.

Oct. 8, 2003.

Gregg W. Bittner, Peoria, IL, for Debtor.

Gary T. Rafool, Peoria, IL, Chapter 7 Trustee.

Nancy M. Handegan, Decatur, IL, for creditor.

## OPINION

THOMAS L. PERKINS, Bankruptcy Judge.

This matter is before the Court on the motion of the Debtor, Patricia A. Hardin ("DEBTOR"), to convert the case from Chapter 7 to Chapter 13. The issue is whether a debtor who has converted from Chapter 13 to Chapter 7 may re-convert back to Chapter 13.

## FACTS

The facts are not in dispute. The DEBTOR filed her Chapter 13 case on December 13, 2000. She owns the home in which she resides free and clear of liens, which she valued in her schedules at $20,000.00. Her plan, proposing payments of $119.27 per month for thirty-six months, with a 9% estimated distribution to unsecured creditors, was confirmed on February 2, 2001. More than two years later, on April 8, 2003, the Chapter 13 Trustee

moved to dismiss based on the DEBTOR'S failure to make the required payments. After objecting to the Trustee's motion, and before the scheduled hearing thereon, the DEBTOR filed a Motion to Convert to Chapter 7.

The Chapter 7 Trustee, Gary T. Rafool ("TRUSTEE"), conducted the first meeting of creditors on June 18, 2003. After requesting and receiving a copy of the most recent real estate tax bill for the DEBTOR'S residential real estate located at 909 E. McClure Avenue, Peoria, Illinois, the TRUSTEE obtained a realtor's opinion that the value of the property, in "as is" condition, was between $29,000.00 and $33,000.00. The TRUSTEE made a demand upon the DEBTOR to buy out the TRUSTEE'S interest in the nonexempt equity in the property for $15,000.00. In response, the DEBTOR filed her Motion to Convert her case back to Chapter 13.

## ANALYSIS

At issue is the meaning of Section 706(a) of the Bankruptcy Code, which provides as follows:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a). A split of authority exists among courts interpreting this provision over whether the phrase "if the case has not been converted under section 1112, 1208, or 1307 of this title" bars re-conversion.

The cases fall into three categories. Cases holding that § 706(a) bars re-conversion include: *In re Baker*, 289 B.R. 764 (Bankr.M.D.Ala.2003); *In re Banks*, 252 B.R. 399 (Bankr.E.D.Mich.2000); *In re*

*Carter,* 84 B.R. 744, 748 (D.Kan.1988); *In re Vitti,* 132 B.R. 229, 231 (Bankr.D.Conn. 1991); *In re Bryan,* 109 B.R. 534, (Bankr. D.Dist.Col.1990); *In re Hanna,* 100 B.R. 591, 594 (Bankr.M.D.Fla.1989); *In re Richardson,* 43 B.R. 636, 638 (Bankr. M.D.Fla.1984); and *In re Ghosh,* 38 B.R. 600, 603 (Bankr.E.D.N.Y.1984).

Cases holding that the court has discretion to permit re-conversion, but denying re-conversion based on the facts of the case include: *In re Somers Corp.,* 123 B.R. 35, 37 (Bankr.N.D.Ohio 1990); *In re Johnson,* 116 B.R. 224, 227 (Bankr.D.Idaho 1990); *In re Trevino,* 78 B.R. 29, 32 (Bankr.M.D.Pa.1987); and *In re Walker,* 77 B.R. 803, 805 (Bankr.D.Nev.1987).

Finally, cases holding that re-conversion is discretionary and allowing re-conversion based on the facts of the case include: *In re Masterson,* 141 B.R. 84 (Bankr.E.D.Pa. 1992); *In re Hollar,* 70 B.R. 337, 338 (Bankr.E.D.Tenn.1987); and *In re Sensibaugh,* 9 B.R. 45, 47 (Bankr.E.D.Va.1981).

▆▆▆ This Court agrees with the recent opinions in *Baker* and *Banks.* The language of Section 706(a) gives debtors a right to convert only if the case has not previously been converted. As is evident in many other sections of the Bankruptcy Code, when Congress wanted to make a remedy available subject to the Court's discretion, it did so with explicit language.[1] Section 706(a) contains no such language. As stated in *Banks:*

> If Congress had intended to give debtors a one time guaranteed right to convert and an additional right to request re-conversion in the *court's* discretion, it would have done so much more explicitly. In addition, Congress would have provided a statutory standard by which courts could determine whether to allow re-conversion. However, neither the

language of the statute nor the legislative history make such an intention or such a standard clear.

*Banks,* 252 B.R. at 403.

Since the DEBTOR previously exercised her right to convert from Chapter 13 to Chapter 7, she no longer has the option of re-converting back to Chapter 13. Accordingly, her Motion to Convert must be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

---

1. *See, e.g.,* §§ 706(b), 1307(c), 350(b), 330(a)(1) and (2), and 327(d).