**In the Matter of Jeff L. JOHNSON and Janet R. Johnson, Debtors.**

**Bankruptcy No. 90–00044.**

United States Bankruptcy Court, D. Idaho.

July 9, 1990.

Joseph L. Williams, Idaho Falls, Idaho, for debtor.

Kelly Kumm, Pocatello, Idaho, for trustee.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

### FACTS

Debtors filed a voluntary petition under Chapter 13 on January 5, 1990. On January 24, 1990, they filed a Motion to Convert to Chapter 7 with the Court pursuant to Section 1307(a) of the Bankruptcy Code. In their Motion, they represented that the plan they had filed with the Court was not feasible or practical. The Court entered an Order of Conversion the following day.

Thereafter, the Chapter 7 Trustee applied to the Court for a turnover order with respect to Debtors' 1988 Ford automobile so it could be liquidated for the benefit of the creditors of the estate. Trustee has apparently been able to convince the creditor claiming a lien on the vehicle that its security interest was avoidable, thereby creating substantial equity in the auto. Upon learning of Trustee's position, Debtors filed a Motion to Convert to Chapter 13 pursuant to 11 U.S.C. § 706. The Court denied the Trustee's motion without prejudice pending disposition of the conversion motion. Trustee has objected to Debtors' request to reconvert to a Chapter 13.

### DISCUSSION

In order to resolve the issues raised by the Debtor's motion, the Court must address two questions. First, when a case is originally commenced under Chapter 13 and then converted to a Chapter 7 case, does the Bankruptcy Code allow the Court to "reconvert" it to Chapter 13 upon request of the debtor? And, if so, has good cause been shown to justify the conversion in this case? To answer these questions the Court must interpret Section 706 of the Code dealing with conversion of Chapter 7 cases, which provides in pertinent part as follows:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such conversion.

■ Explained simply, subsection (a) of Section 706 provides that the debtor may convert a liquidation case to a case under one of the rehabilitative chapters as a matter of right (i.e. without notice, hearing, or court order) at any time *unless* the case has previously been converted to Chapter 7 from another chapter. Subsection (b) allows any interested party, not just the debtor, to request that a liquidation case be converted by the Court to a Chapter 11 case. Finally, subsection (c) provides that the Court may not convert a Chapter 7 case to either Chapter 12 or 13 unless the debtor requests the conversion. Obviously, in reviewing subsection (c), implied, if not expressed, within its terms is the authority for the Court to convert a case from Chapter 7 to Chapter 13 upon motion of an interested party, such as the debtor. However, what is not clear from these provisions is whether the debtor loses the right to request conversion in those cases where the case was originally commenced under Chapter 13—a so-called "reconversion".

The legislative history to these particular Code provisions is also less than clear:

Subsection (a) of this section gives the debtor [the] one[-time] absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right. The policy of the provision is that the debtor should always be given the opportunity to repay his debts[, and a waiver of the right to convert a case is unenforceable].

Subsection (b) permits the court, on request of a party in interest and after notice and a hearing, to convert the case

to chapter 11 at any time. The decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest.

Subsection (c) is part of the prohibition against involuntary chapter 13 cases, and prohibits the court from converting a case to chapter 13 without the debtor's consent.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 94 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5880, 6336. When the Committees dictate that if the case has already been converted from Chapter 13 to Chapter 7, "... then the debtor does not have that right", are they referring to the *absolute* right to convert as described in Section 706(a), or to the right to even request conversion by the Court?

Likewise, there are at least two competing public policies encompassed by the statutory provisions in question. One is that "... the debtor should always be given the opportunity to repay his debts." *House Report, supra.* The other is the obvious need to prevent the expense and delay occasioned by a debtor's unjustified repeated conversion attempts.

The case law also provides no clear guidance to the Court. Trustee argues that this Court has previously decided that the Code provides the conversion requested under these circumstances citing *In re Morgan,* 81 I.B.C.R. 100, and *In re Lewiston Equipment, Inc.,* 83 I.B.C.R. 159. However, upon review of these decisions, it is clear that Judge Young's comments relating to Section 706 were not crucial to the issues before the Court in those rulings and are, therefore, at best, mere dicta.

The Court has discovered no controlling case law in this circuit, and finds the deci-

sions from other courts sharply and quite evenly divided.[1] After a careful review of the various holdings, this Court finds several good reasons to join those that recognize the debtor's right to request reconversion to Chapter 13.

First, the organization of the statute itself provides some evidence of Congressional intent. Section 706(a) deals with the right of the *debtor,* as opposed to the Court, to convert a Chapter 7 case. Subsections (b) and (c) prescribe when the Court may order a Chapter 7 case converted. There are two subsections dealing with court-ordered conversions because of the need to respect the statutory prohibition against involuntary Chapter 12 and 13 cases, while a debtor need not consent to be placed in a Chapter 11 case. The only restriction imposed on the Court in converting a case to Chapter 13 is that the debtor must request it. 11 U.S.C. § 706(c).

Viewing the distinct purposes of the various subsections of Section 706, it is logical to assume that the "reconversion" restriction found in subsection (a) should not operate when conversion is sought under subsection (c). It is reasonable to assume that Congress was unwilling to allow a debtor more than one guaranteed opportunity to unilaterally convert to Chapter 13 from Chapter 7. However, when the court is required to be involved in the conversion process, as is the case in a request to convert under subsections (b) or (c), "... [t]he decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest." *House Report, supra.* If Congress desired a limitation on the right to reconvert under subsection (c), they would have inserted such a condition as they did in the language of subsection (a). While the functions of each subsection are different, all of the provisions comple-

**1.** The following decisions insist that the debtor has no right to reconvert a case to a reorganization chapter once it has been converted to a chapter 7 case. *In re Ghosh,* 38 B.R. 600 (Bankr.E.D.N.Y.1984); *In re Richardson,* 43 B.R. 636 (Bankr.M.D.Fla.1984); *In re Carter,* 84 B.R. 744 (D.Kan.1988); *In re Hanna,* 100 B.R. 591 (Bankr.M.D.Fla.1989); *In re Bryan,* 109 B.R. 534 (Bankr.D.C.1990). *See also* 3 Collier Bankrupt-

cy Manual ¶ 706.02 (3d ed. 1987). Contrarily, the following cases acknowledge debtor's loss of the absolute right to reconvert, but hold that the court may still convert the case on motion of the debtor for cause shown. *In re Sensibaugh,* 9 B.R. 45 (Bankr.E.D.Va.1981); *In re Hollar,* 70 B.R. 337 (Bankr.E.D.Tenn.1987); *In re Walker,* 77 B.R. 803 (Bankr.D.Nev.1987); *In re Trevino,* 78 B.R. 29 (Bankr.M.D.Pa.1987).

ment one another and must be read in concert in order to fully implement the legislative scheme. *See In re Walker*, 77 B.R. at 804; *In re Sensibaugh*, 9 B.R. at 46.

The interpretation adopted here also promotes a proper balance of the public policies identified with Section 706. That is, by allowing, but not requiring, a reconversion to Chapter 13, creditors will not be deprived of payment in those cases where a debtor has experienced a bona fide change in circumstances allowing confirmation of a plan. Such will allow debtors to repay their debts and obtain the benefits of the Chapter 13 discharge, where appropriate. *In re Hollar*, 70 B.R. at 338.

While it is true that there may be some expense and delay involved in the Court's review of debtor's request to reconvert, the Court is confident that it can discern those cases where the request is founded upon genuine desire and ability to confirm a plan, as compared to less commendable motives, and to employ appropriate safeguards, or even sanctions, if necessary.

Having determined that the Court has the authority to convert this case to Chapter 13, is such the proper course here? Unfortunately, Debtors have failed to demonstrate the kinds of facts which would persuade the Court to exercise its discretion. Debtors were, by their own admission, previously unable to confirm a Chapter 13 plan, thereby resulting in the conversion to Chapter 7. Debtors have shown the Court no change in their circumstances that would suggest any more likelihood of success now. The reconversion is sought here based upon the fact that the Trustee has been successful in avoiding the lien claimed by a creditor on Debtors' vehicle, and it will therefore be liquidated. Rather than lose the auto to the Trustee, Debtors ask for an opportunity to "repurchase" it through a plan. Whether the equity in the vehicle is subject to a lien, or must be purchased from the estate under Section 1325(a)(4), the confirmation standards for any plan will be nearly identical. Absent a showing that Debtors can now confirm a plan, when they could not before, conversion must be denied.

Debtors' motion to convert is DENIED. Counsel for Trustee shall submit an appropriate order.