**In re SOMERS CORPORATION, Debtor.**

**Bankruptcy No. 89–02294.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 28, 1990.

---

Grady L. Pettigrew, Jr., Carla Struble, Columbus, Ohio, for debtor.

Mark Baumgarten, Roseland, N.J., Jerry Ellis, Farmington Hills, Mich., for First Fidelity.

Frank Chaffiotti, Woodbridge, N.J., Donna Weaver, Toledo, Ohio, for Mr. Somers.

Thomas J. Straus, Dayton, Ohio, for Citizens Federal.

Maria Giannirakis, Cleveland, Ohio, Office of U.S. Trustee.

Charles S. Goodwin, Dayton, Ohio, for Society.

## OPINION AND ORDER DENYING MOTION FOR RECONVERSION

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon motion of Willard C. Somers for reconversion of case to chapter 11, to which responses have been filed by the chapter 7 trustee and the Office of the United States Trustee. Upon consideration of the record herein, the court finds that said motion is not well taken and should be denied.

### FACTS

On August 14, 1989, Debtor filed its voluntary petition under chapter 11 of title 11. During the pendency of Debtor's case under chapter 11, neither a plan nor disclosure statement were filed by Debtor, although a plan and disclosure statement was filed on October 11, 1990, prior to a scheduled hearing upon Debtor's motion for order approving continued use of cash collateral. At that October 11, 1990 hearing, the court also considered First Fidelity Bank's cross motion for chapter 7 conversion. Debtor stated at that hearing that if its motion for continued use of cash collateral was not approved, Debtor would be without funds necessary for continued operation of its business. Debtor, however, failed to present evidence in opposition to First Fidelity Bank's motion for the conversion and the court, based upon the record, found that conversion of Debtor's case to a case under chapter 7 was in the best interest of creditors and the estate. An order converting Debtor's chapter 11 case was entered on October 11, 1990.

On October 24, 1990, Willard C. Somers, formerly an officer and majority shareholder of Debtor corporation, filed the instant motion for reconversion of case to chapter 11. Mr. Somers states that efforts were made to force the conversion by operating officers of Debtor corporation, that liquidation will result in a substantially lower recovery to the estate than if the business were allowed to continue, that Debtor should be afforded the opportunity to re-

pay his debts and that movant and Debtor desire that the disclosure statement and plan previously filed with the court be submitted to creditors for approval. The trustee, in responding to this motion, states:

[t]here is no competent evidence that Mr. Somers has provided nor can provide to support a contention that reconversion of this case to Chapter 11 is in the best interest of the estate. No further gains to the estate are possible by the continued operation of this case as a Chapter 11."

Trustee's Objection to Motion for Reconversion filed by Willard Somers (November 1, 1990). The United States Trustee opines that despite Mr. Somers' contention that the business was operating at a profit in October, 1990, the monthly reports reflect a loss; in fact, during the pendency of the chapter 11 case, losses exceeded $2,000,-000. Additionally, the U.S. Trustee states that although Debtor and Mr. Somers were represented by counsel at the October 11, 1990 hearing, no evidence in opposition to the motion to convert was presented. Lastly, the U.S. Trustee opines that:

[t]here would be no purpose served in this case being reconverted to a Chapter 11. The Debtor's continuing loss to and diminution of the estates and the absence of a reasonable likelihood of rehabilitation pursuant to 11 U.S.C. § 1112(b) warranted the conversion to a Chapter 7.

Objection of the United States Trustee to Motion for Reconversion of Case to Chapter 11 at 2 (November 13, 1990).

## DISCUSSION

■ At the outset, the court notes that the instant motion was filed by Willard Somers, a party in interest, not Debtor. Additionally, the court finds the facts presented in the instant case analogous to those presented in *In re Trevino*, 78 B.R. 29 (Bkrtcy.M.D.Pa.1987). In *Trevino*, the issue presented for review was Debtor's legal right to have the case reconverted to a chapter 11. *Id.* at 31. The *Trevino* case was originally filed as a chapter 11 case. It was later converted by court order to a chapter 7 case; the court found that Debtor's continued reorganization would result in continuing loss or diminution of the estate and that Debtor was unable to effectuate a plan. *Id.* The *Trevino* court found that "[i]t would be unconscionable to allow a Debtor so hopelessly insolvent to continue to the detriment of its principal creditor." *Id.*

Subsequently, as a result of the trustee's motion to reopen that case, Debtor filed a motion to reconvert the case to a case under chapter 11 for the reasons that the unsecured creditors would be better served if the case were a reorganization case and that Debtor should be afforded the opportunity to repay his debts. *Id.* The court stated that:

[w]ith regard to Movant's position that the debtor should always be given the opportunity to repay his debts, there can be no debate. It is difficult, however, to understand Movant's argument, that to do so, he must somehow be allowed to convert these proceedings to one under Chapter 11. In his current position, debtor is free to repay any debts he chooses in a manner best suited to his financial situation. Similarly, Movant is free to pursue in whatever fashion he deems best suited to his situation any and all claims he has outstanding.

*Id.* at 32.

This court in its order converting Debtor's case stated that:

since the inception of Debtor's case, some 14 months ago, Debtor has experienced losses approaching $2,000,000.... The court finds that these continuing losses, prohibiting a reasonable likelihood of rehabilitation, compel the court to convert it to a case under chapter 7.

Opinion and Order Converting Debtor's Chapter 11 case at 4. Like *Trevino*, this court will not now reconvert Debtor's case to a reorganization case, to the detriment of its creditors. Additionally, repeated attempts to convert a case delay proceedings. *See In re Hanna*, 100 B.R. 591, 594, 19 B.C.D. 762 (Bkrtcy.M.D.Fla.1989). This case has been pending for 15 months; reconversion would only further delay administration of this case.

38

Mr. Somers in support of his request for reconversion states that both he and Debtor wish the opportunity to pay its debts. Motion for Reconversion at 3. This court concurs with the *Trevino* court and finds that Debtor is not foreclosed from repaying its debt despite conversion of its case to a case under chapter 7. Debtor is afforded the opportunity to repay its debts in any "manner best suited to his financial situation." The court is unpersuaded by this contention.

Finally, no appeal or motion for reconsideration of the October 11, 1990 opinion and order converting Debtor's chapter 11 case was taken. Rather, Mr. Somers filed the instant motion some 13 days after entry of that order. The court will not reconsider the facts which existed at the time of the October 11, 1990 hearing on First Fidelity's cross motion for conversion. As stated, Mr. Somers was present at that hearing, as well as counsel on his behalf. Mr. Somers was afforded the opportunity to present any evidence in opposition to First Fidelity's cross motion for conversion. The court finds that Debtor's case should remain a case under chapter 7 and that Mr. Somers' motion is not well taken. It is therefore

ORDERED that motion of Willard C. Somers for reconversion of case to chapter 11 be, and it hereby is, denied.