**In re Gary VITTI, Debtor.**

**Bankruptcy No. 90–52004.**

United States Bankruptcy Court, D. Connecticut.

Oct. 2, 1991.

James M. Nugent, Charmoy & Nugent, Bridgeport, Conn., for debtor.

MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13

ALAN H.W. SHIFF, Bankruptcy Judge.

The debtor moves to convert this case from chapter 7 to chapter 13. For the reasons that follow, the motion is denied.

## I.

[1] On October 15, 1990, the debtor filed a petition under chapter 13 of the Bankruptcy Code. On December 20, 1990, the Chapter 13 Trustee moved to dismiss the case, and on January 25, 1991, it was converted to a case under chapter 7. In support of the instant motion, the debtor argues that he may request conversion under § 706(c) notwithstanding § 706(a).

## II.

Code § 706(a) provides in part:

The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title.

■ The legislative history of § 706(a) provides that it "gives the debtor [the] one [-time] absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already been once converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right." S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977). Thus, it is clear from the plain language of § 706(a) and its legislative history that the debtor cannot convert his chapter 7 case to a case under chapter 13 because it had previously been converted to 7 from 13. *See In re Hanna*, 100 B.R. 591, 593–94 (Bankr.M.D.Fla.1989); *In re Carter*, 84 B.R. 744, 747 (D.Kan.1988). Moreover, contrary to the debtor's assertion,

§ 706(c) does not give him an independent right to convert to chapter 13.[1]

Code § 706(c) provides:

The court may not convert a case under this chapter to a case under chapter ... 13 of this title unless the debtor requests such conversion.

■ It is a well established principle of statutory construction that a statute must be interpreted in light of its intended purpose. *E.g., Gonzalez v. Young*, 441 U.S. 600, 608, 99 S.Ct. 1905, 1911, 60 L.Ed.2d 508 (1979); *see also In re City of Bridgeport*, 128 B.R. 688, 694 (Bkrtcy.D.Conn. 1991), quoting, *Crandon v. United States*, 494 U.S. 152, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990) ("In determining the meaning of a statute, we look not only to the particular language, but to the design of the statute as a whole and to its object and policy"). The legislative history of § 706(c) states that the subsection is "part of the prohibition against involuntary chapter 13 cases, and prohibits the court from converting a case to chapter 13 without the debtor's consent." S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880, 6336.[2] A corollary prohibition is found in § 1112(d)(1), which provides:

The court may convert a case under ... chapter [11] to a case under chapter ... 13 of this title only if—

(1) the debtor requests such conversion. ...

---

1. The debtor's citation to *In the Matter of Texas Extrusion Corp.*, 844 F.2d 1142 (5th Cir.1988) is inapposite. There, a creditor sought to have a chapter 7 case reconverted to a case under chapter 11. Under those facts, the relevant code provision was § 706(b). Here a debtor attempts to use § 706(c) to reconvert his chapter 7 case to a case under chapter 13.

    The debtor also relies upon *In re Walker*, 77 B.R. 803 (Bankr.D.Nev.1987) which holds that § 706(c) permits a conversion to chapter 13 even after a prior conversion from chapter 11. I respectfully disagree with *Walker*.

2. *See also*, Report of the Committee on the Judiciary:

    The thirteenth amendment prohibits involuntary servitude. Though it has never been test-

ed in the wage earner plan context, it has been suggested that a mandatory chapter 13, by forcing an individual to work for creditors, would violate this prohibition. On policy grounds, it would be unwise to allow creditors to force a debtor into a repayment plan. An unwilling debtor is less likely to retain his job or to cooperate in the repayment plan, and more often than not, the plan would be preordained to fail. Therefore, the bill prohibits involuntary cases under chapter 13, and forbids the conversion of a case from chapter 7, liquidation, to chapter 13, unless the debtor requests.

H.R.Rep. No. 595, 95th cong., 1st Sess. 120 (September 8, 1977), U.S.Code Cong. & Admin.News 1978, p. 6080.

It follows then that the purpose of § 706(c) is to place a prohibition on the court, not to grant a debtor rights beyond the scope of § 706(a). *See In re Hanna, supra,* 100 B.R. at 593; *In re Richardson,* 43 B.R. 636, 638 (Bankr.M.D.Fl.1984).

## III.

This chapter 7 case was previously converted from chapter 13, the debtor may not now convert it back to chapter 13. The debtor's motion is DENIED, and IT IS SO ORDERED.