### In re Mohsen MANOUCHEHRI, Debtor.

### No. 03–12672.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Nov. 17, 2004.

ment.

Priscilla Schnittke, Knevel & Associates Co. LPA, Cleveland, OH, for Debtor.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matter before this Court is Mohsen Manouchehri's ("Debtor's") motion to reconvert a Chapter 7 case to a Chapter 13 proceeding. The Chapter 7 Trustee filed an objection on the basis that 11 U.S.C. § 706(a) of the Bankruptcy Code ("Code") prohibits the Debtor from reconverting his Chapter 7 case to a Chapter 13 case, coupled with allegations of the Debtor's misconduct. This Court acquires core matter jurisdiction over the present controversy pursuant to 28 U.S.C. § 157(a) and (b), § 1334, and General Order Number 84 of this District.

\* \*

On March 6, 2003, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Sometime after filing, but prior to the scheduled meeting of creditor's pursuant to § 341, the Debtor, without Court approval, disposed of two automobiles in his possession. Debtor transferred a 1999 Mercury Villager to his former wife as part of a property settlement in a state court divorce proceeding. Debtor sold another vehicle, a 1999 Honda Accord, for $10,000.00 and used the proceeds to buy a replacement automobile for himself.

Subsequently, the Debtor filed a *"Notice of Voluntary Conversion to Chapter 7"* to convert his Chapter 13 case into a Chapter 7. The § 341 meeting was held on August 19, 2004 wherein the Trustee expressed an intent to pursue avoidance of the transfer of the Mercury Villager to the former wife under § 549 of the Code. Thereupon, the

Debtor filed a *"Motion to Convert Case From Chapter 7 to 13"*, essentially asking this Court to reconvert his case to Chapter 13 proceedings. At issue, the Court must determine whether reconversion is appropriate.

\* \* \*

The issue presented in this case is partially governed by § 706 of the Bankruptcy Code. Section 706 provides in relevant part:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, *if the case has not been converted under section 1112, 1208, or 1307 of this title.* Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C.A. § 706(a) (emphasis added).

■ The starting point for interpreting the Bankruptcy Code, as with any federal statute, is with the words of the statute itself and their plain meaning. *In re Sue M. Oblinger*, 288 B.R. 781, 784 (Bankr. N.D.Ohio 2003) citing *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). See also, *Patterson v. Shumate*, 504 U.S. 753, 757–58, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Toibb v. Radloff*, 501 U.S. 157, 160, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). Absent any ambiguity, the court must enforce the clearly expressed congressional intent by applying the statute as written without reference to legislative history or pre-Code practice. *Oblinger*, supra, citing *Vergos v. Gregg's Enters., Inc.*, 159 F.3d 989, 990 (6th Cir.1998). Furthermore, to provide clarity, consistency, and finality in statutory construction the Supreme Court has noted:

"The plain meaning of legislation should be conclusive, except in 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'"

*Ron Pair Enters., Inc.*, 489 U.S. at 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

As noted above, § 706(a) of the Bankruptcy Code appears to limit a debtor's ability to unilaterally reconvert a case if the case has previously been converted from another chapter. The legislative history to § 706(a), however, provides ample clarification:

Subsection (A) of this section gives the debtor the *one-time absolute right* of conversion of a liquidation case to a reorganization or individual repayment case. *If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right. The policy of the provision is that the debtor should always be given the opportunity to repay his debts,* and a waiver of the right to convert a case is unenforceable.

S. Rep. No. 95–989, at 94 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5880 (emphasis added).

There exists a split in authority as to whether courts may exercise discretion in reconverting a case pursuant to § 706(a). See, *Matter of Johnson*, 116 B.R. 224 (Bankr.D.Idaho, 1990), *In re Banks* 252 B.R. 399 (Bkrtcy.E.D.Mich., 2000).

The *Banks* decision opines:

The legislative history refers to a "one-time absolute right to convert." It further states that if the case had been previously converted, the debtor does not have *that* right. (Emphasis added.) The legislative history does not shed light on whether the right that is lost is a right to request conversion in the court's discretion or an absolute right to convert. Indeed, nothing in the legislative history refers to either a strict prohibition against re-conversion by right or against re-conversion in the court's

discretion. The legislative history regarding subsection (c) only mentions that it is part of the prohibition against involuntary chapter 13 cases. The legislative history regarding subsection (b) is the only place a which mentions a court's discretionary right to order conversion.

*Id.* at 402.

Other decisions which have barred reconversion include: *In re Vitti*, 132 B.R. 229, 231 (Bankr.D.Conn.1991) (Chapter 7 debtor, whose case had been converted from Chapter 13 to Chapter 7, could not convert the Chapter 7 case back to Chapter 13); *In re Bryan*, 109 B.R. 534, (Bankr.D.D.C.1990) (Debtor whose case was originally in Chapter 11 and was converted to Chapter 7, no longer had the right to convert his case to Chapter 13); *In re Hanna*, 100 B.R. 591, 594 (Bankr. M.D.Fla.1989) (Debtor who had already converted Chapter 13 case to one under Chapter 7 was barred from reconverting case to Chapter 13); *In re Carter*, 84 B.R. 744, 748 (D.Kan.1988) (Once a Chapter 11 proceeding was involuntarily converted to a Chapter 7, the debtors lost their right to convert Chapter 7 proceeding to Chapter 13 proceeding); *In re Richardson*, 43 B.R. 636, 638 (Bankr.M.D.Fla.1984) (Debtors whose Chapter 13 case had been converted to Chapter 7 did not have right to reconvert the case to a case under Chapter 13); and *In re Ghosh*, 38 B.R. 600, 603 (Bankr. E.D.N.Y.1984) (Debtor could not reconvert to a Chapter 13 case); citing from *In re Banks* 252 B.R. 399, *400 (Bkrtcy. E.D.Mich., 2000).

In *Matter of Johnson*, supra, the court opined:

Section 706(a) deals with the right of the *debtor*, as opposed to the Court, to convert a Chapter 7 case. Subsections (b) and (c) prescribe when the Court may order a Chapter 7 case converted. There are two subsections dealing with court-ordered conversions because of the need to respect the statutory prohibition against involuntary Chapter 12 and 13 cases, while a debtor need not consent to be placed in a Chapter 11 case. The only restriction imposed on the Court in converting a case to Chapter 13 is that the debtor must request it. 11 U.S.C. § 706(c).

Viewing the distinct purposes of the various subsections of Section 706, it is logical to assume that the "reconversion" restriction found in subsection (a) should not operate when conversion is sought under subsection (c). It is reasonable to assume that Congress was unwilling to allow a debtor more than one guaranteed opportunity to unilaterally convert to Chapter 13 from Chapter 7. However, when the court is required to be involved in the conversion process, as is the case in a request to convert under subsections (b) or (c), " * * * *[t]he decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest."*

*Id.* at 224, 226 (emphasis added).

The Court in *In re Wampler*, 302 B.R. 601, 604 (Bkrtcy.S.D.Ind.,2003), addressing § 706(a), noted:

An increasing number of courts, however, have rejected this interpretation [one-time absolute right to convert] and have instead concluded that bankruptcy courts have the discretion to deny a motion to convert brought under § 706(a). *See e.g., In re Brown*, 293 B.R. 865, 870 (Bankr.W.D.Mich.2003); *In re Ponzini*, 277 B.R. 399, 405 (Bankr. E.D.Ark.2002); *In re Thornton*, 203 B.R. 648, 652 (Bankr.S.D.Ohio 1996); *In re Porras*, 188 B.R. 375, 379 (Bankr. W.D.Tex.1995). Some courts have found support for this conclusion in the lan-

guage of § 706(a). *See, e.g., Ponzini,* 277 B.R. at 404 (Bankr.E.D.Ark.2002) (while the statute provides that a debtor "may" convert, it does not provide that the court "shall" honor that request); *In re Starkey,* 179 B.R. 687, 691 (Bankr. N.D.Okla.1995) (the phrase "at any time" in § 706(a) was intended to mean "at any stage" of the proceedings, not "regardless" of the circumstances).

*Id.* at 604.

The *Johnson* and *Wampler* holdings present a more practical construction of § 706(a), as suggested by its legislative history and policy rationale. See also, *In re Somers Corp.,* 123 B.R. 35, 37 (Bankr. N.D.Ohio 1990) *In re Johnson,* 116 B.R. 224, 227 (Bankr.D.Idaho 1990); *In re Trevino,* 78 B.R. 29, 32 (Bankr.M.D.Pa.1987); and *In re Walker,* 77 B.R. 803, 805 (Bankr. D.Nev.1987); *In re Masterson,* 141 B.R. 84 (Bankr.E.D.Pa.1992); *In re Hollar,* 70 B.R. 337, 338 (Bankr.E.D.Tenn.1987); and *In re Sensibaugh,* 9 B.R. 45, 47 (Bankr. E.D.Va.1981). This Court also recognizes the delicate balance of competing policies and interests that other jurisdictions have addressed before arriving at their respective constructions of § 706. These policies include the debtor's opportunity to repay debts and the creditor's benefit of payment; weighed against the need to prevent unnecessary expense, disadvantage, and delay caused by a debtor insistent upon multiple conversions between the chapters.

\* \* \* \*

Section 706(a) and its attendant legislative history reveal a Congressional intent to grant the bankruptcy courts discretion regarding whether or not to allow conversion between chapters. This inherent grant of authority eliminates a rigid reading of the Code and allows for a result "based on what will most inure to the benefit of all parties in interest." H.R.Rep. No. 595, 95th Cong., 1st Sess.

380 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 94 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880, 6336.

Furthermore, this view of court discretion is consistent with a recent Sixth Circuit B.A.P. decision which decided whether a case conversion is appropriate on the merits. In that opinion, the Bankruptcy Appellate Panel observed:

> The Sixth Circuit has adopted a "totality of circumstances" analysis in evaluating whether the debtor should be permitted to commence a chapter 13 case, *[In re] Alt,* 305 F.3d [413] at 419 [(6th Cir. 2002)] (quoting *Society Nat'l Bank v. Barrett (In re Barrett),* 964 F.2d 588, 591 (6th Cir.1992)), and the *same analysis should apply in evaluating whether a debtor should be permitted to convert a case to Chapter 13, Thornton,* 203 B.R. 648, 652 (Bkrtcy.S.D.Ohio,1996) (emphasis added).

*In re Copper,* 314 B.R. 628 (6th Cir. BAP 2004) (emphasis added).

\* \* \* \* \*

As the moving party, the Debtor whose good faith in seeking conversion of this case has been questioned, bears the ultimate burden of proof on the issue. *In re Pakuris* 262 B.R. 330 (Bkrtcy. E.D.Pa.,2001). The Debtor's only support for his motion to reconvert states, "... that review of income and expenses allows for the conversion." (See Debtor's Motion to Convert, page 1). Interestingly, the Debtor filed no response to the Trustee's allegations of bad faith. The Debtor further responds that "he will be able to work more hours in order to fund his Chapter 13 Plan" and that he is "capable of and has in the past, funded a Chapter 13 Plan. His creditors will benefit from the conversion in that they will get paid through the Chapter 13 Plan." (See Debtor's Response to Trustee's Objection, page 5).

■ Notwithstanding, the Debtor's motivation for reconverting his case (on the same day that the Trustee expressed an intent to recover estate assets) is questionable. It is clear that a debtor cannot dispose of estate property without prior court approval. Seeking to reconvert to Chapter 13, with knowledge of the Chapter 7 Trustee's intent to pursue recovery of estate property is a display of bad faith by the Debtor. Herein, it is patently clear and uncontested that the Debtor violated the proscribed language of § 549(a)(1) and (2)(B).[1] At all times during the pendency of a bankruptcy case, a debtor is obligated to cooperate with the trustee regarding the administration of estate assets—not to take efforts which, effectively, thwart the trustee's ability to perform his statutory duties under § 704.

■ Throughout the prosecution of a bankruptcy filing, a debtor must exhibit good faith conduct. Such conduct begins with the performance of a debtor's duties as mandated under § 521 of the Bankruptcy Code. [11 U.S.C. § 521] Among those statutory duties are the following:

§ 521. Debtor's Duties. The Debtor *shall*—

(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;

____

(3) if a trustee is serving in the case, *cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties* * * *.

____

(4) if a trustee is serving in the case, *surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate* * * *.

[11 U.S.C.A. § 521(1), (3), (4)] (emphasis added).

Estate property under the Bankruptcy Code is defined, in pertinent part, under § 541:

* * * Such estate is comprised of all the following property, wherever located and by whomever held:

(1) * * * [A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

[11 U.S.C. § 541(a)]

* * * * * *

Herein, the Debtor's petition schedules reveal the existence of the subject vehicles as assets of the Debtor's estate. However, the Debtor's schedules list the 1999 Honda Accord as having a value of $8000.00, this only a short time before he later sold the vehicle, without court approval, for $10,000.00 in order to purchase a newer automobile for himself. It is further noted that the Debtor claimed a $1000.00 exemption in the second automobile that he subsequently disposed of and failed to turn over proceeds to the Trustee. It is remarkable that the Debtor has been represented by counsel throughout the pendency of this case.

The Debtor has failed to adhere to his statutory duties, as described above. Firstly, his failure to turnover the subject vehicle to the Trustee's possession displays a lack of cooperation with the Trustee in

____

1. § 549(a):
   Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2)(B) that is not authorized under this title or by the court. 11 U.S.C.A. § 549(a)(1) and (2)(B).

violation of both subsections (3) and (4) of § 521 of the Bankruptcy Code. Secondly, the Debtor's disposal of two vehicles without court approval, after acknowledgment in his schedules that the automobiles were property of the estate was improper and was in violation of § 549 of the Code. Clearly, the vehicles are estate property, as defined under § 541(a). Finally, the Debtor's motion to reconvert his case which was filed the same day that the Trustee expressed an intent to recover estate assets evinces the Debtor's disingenuous motivations. Thusly, the Debtor's conduct lacks the requisite good faith.

■ This Court concurs with the holding in *Wampler*, supra, 302 B.R. 601 where that Court noted:

> Having read the various cases and commentary discussing § 706(a), the Court firmly believes that the statute was intended to give only the *honest* debtor an opportunity to voluntarily repay his debts via conversion from Chapter 7. Section 706(a) was not intended as a way for the dishonest debtor to abuse the bankruptcy process, perpetrate a fraud or engage in bad faith behavior. Therefore, the Court concludes that it has the discretion to deny a § 706(a) motion to convert upon a showing of bad faith or where conversion is sought for an illegitimate purpose.

*Id.* at 605.

Accordingly, the Debtor's motion to reconvert his case to Chapter 13 proceedings is hereby denied. Each party is to bear its own costs.

IT IS SO ORDERED.