**In re Willie ANDERSON and Doris Anderson, Debtors.**

No. 02–11844.

United States Bankruptcy Court, D. South Carolina.

Oct. 4, 2006.

Paul L. Held, Sumter, SC, for Debtors.

### ORDER DENYING MOTION TO CONVERT TO CHAPTER 13

DAVID R. DUNCAN, Bankruptcy Judge.

THIS MATTER is before the Court on the motion of Doris Anderson to convert this Chapter 7 case to one under Chapter 13 of the Bankruptcy Code. A previous conversion occurred in the case.

*Findings of Fact*

1. Willie Anderson and Doris Anderson were husband and wife. They filed a joint, voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 4, 2002.

2. Mr. and Mrs. Anderson had refinanced their home loan on property located on Burgess Street in Lake City, South Carolina, in May, 2002. The new loan was provided by Citifinancial, Inc. ("Citifinancial"). The debtors' only other significant asset was a 1998 Pontiac Grand Am. The automobile was financed with Transouth Financial Corp.

3. Mr. and Mrs. Anderson's other creditors were several finance companies with non-purchase money liens on household goods and Florence County, South Carolina with a claim for *ad valorem* property taxes.

4. A chapter 13 plan was confirmed on November 20, 2002. It generally provided for 57 monthly payments of $240 and proposed to pay the value of the automobile, cure the small arrearage on the home loan, and pay a dividend of 2% or more to the unsecured creditors.

5. The non-purchase money liens of the finance companies were avoided by order granting a motion which accompanied the plan.

6. Mr. and Mrs. Anderson made the payments to the chapter 13 trustee until Mr. Anderson's death on April 16, 2006.

7. The documents filed with the Court reflect that Mrs. Anderson did not work outside the home.

8. Mrs. Anderson filed a document with the Bankruptcy Court captioned "Motion to Convert" on July 18, 2006. The document did not disclose Mr. Anderson's death, but merely states "Chapter 13 no longer protect's debtor property (sic)." The document was treated as a notice of conversion under 11 U.S.C. § 1307(a) and Fed. R. Bankr.P. 1017(f)(3) [1].

---

**1.** Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.,* will be by section number only. Further reference to the Federal Rules of Bankruptcy Procedure will be by rule number only.

9. A motion to lift the automatic stay was filed by Citifinancial Mortgage Company, Inc. on August 26, 2006. It states that the debtors failed to make the June, July and August, 2006 mortgage payments, which were due outside the plan.

10. Mrs. Anderson and the Chapter 7 trustee filed objections to the motion for relief from stay. The trustee's objection avers that credit life insurance was purchased by Mr. Anderson at the time the loan with Citifinancial was negotiated and that the mortgage should be paid in full as a result of Mr. Anderson's death. The debtor's response states that she is willing to catch up the missed payments, if given an opportunity.

11. Mrs. Anderson filed a motion to reconvert the case to Chapter 13 on August 29, 2006. The motion does not set forth a statutory basis for conversion and simply argues that the case was previously converted when the debtor determined "she could no longer sustain chapter 13 payments in addition to her mortgage payments." The motion to convert provides that the chapter 7 trustee "discovered a Credit Life policy which attorney for debtor missed." It finally states that the credit life policy "will enable the debtor to make payments on her home...." At the hearing on the motion to convert the attorney for the debtor stated that the debtor was not sure if the credit life policy was still in effect and opined that if it is in effect, it may not be property of the estate. The chapter 7 trustee opposes the motion and states that Mrs. Anderson does not have an automatic right to convert since she previously converted the case and that she is attempting to avoid the liquidation of assets. The trustee questioned the employment status of Mrs. Anderson, to which no response was made. The trustee proposes to sell the real property once the Citifinancial lien is paid by the proceeds of the credit life insurance policy and ex-pressed a willingness to entertain an offer from Mrs. Anderson to subsequently borrow sufficient funds to pay costs of administration and all creditors in full.

12. The debtor's ability to pursue the credit life insurance policy payment, even with counsel, is suspect given her attorney's statements on the record. The trustee, on the other hand, is more than capable of advancing the issue. He states that he has initiated a demand for payment.

*Conclusions of Law*

Conversion of a chapter 7 case is governed, other than in the very narrow circumstances of § 707(b), by § 706. It provides:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12 or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706.

Commentators and some courts refer to conversion pursuant to § 706(a), in the absence of a prior conversion, as a matter of absolute right. *See 6 Collier on Bankruptcy* ¶ 706.02[1] at 706–3 (15th ed. rev.2005); *In re Finney*, 992 F.2d 43, 44–5

(4th Cir.1993)(reserving the issue that some egregious conduct might be sufficient to abrogate the right to convert).[2] Once a conversion has taken place in a case some courts indicate that any further right to convert a case is lost. *In re Banks*, 252 B.R. 399 (Bankr.E.D.Mich.2000); *In re Hanna*, 100 B.R. 591 (Bankr.M.D.Fla. 1989). Other courts permit a re-conversion. *In re Sensibaugh*, 9 B.R. 45 (Bankr. E.D.Va.1981); *In re Masterson*, 141 B.R. 84 (Bankr.E.D.Pa.1992); *Matter of Johnson*, 116 B.R. 224 (Bankr.D.Idaho 1990). The court adopts the view that a previous conversion in a case precludes conversion as a matter of right but that a second conversion may be permitted, after notice and hearing. The court has discretion to order a second conversion but should scrutinize the debtor's circumstances, *bona fides*, and ability to succeed with the purposes for conversion. The court should weigh the interests of the debtor, the estate and all creditors and address each such motion on a case by case basis. The burden of proof is on the moving party.

■■■■ The chapter 7 trustee has objected to the motion to convert. He has standing to do so. *In re Grew*, 278 B.R. 619 (Bankr.M.D.Fla.2002)(Objecting that the debtor was ineligible to be a debtor under chapter 13). The chapter 7 trustee has a fiduciary duty to the creditors and is responsible for collecting and liquidating property of the estate. § 704(a)(1). The trustee has commenced efforts to require payment of the mortgage by the credit life policy. The debtor did not articulate a plan for demanding payment under the policy and seemed confused as to the ability to require payment. The trustee can better protect the estate and the creditors.

The trustee raised the issue of Mrs. Anderson's employment and received no response, leaving open the issue of whether the debtor is an individual with regular income eligible for chapter 13 protection pursuant to § 109(e). This is compounded by the fact that Mrs. Anderson has fallen behind on her mortgage payments and is facing a motion for relief from stay. Her response to the motion is that she is willing to catch up the payments if given the opportunity to do so. The debtor has the burden of proof on the motion to convert and has not met the burden of proving that she is eligible to be a debtor under chapter 13 at this time. § 706(d). She has also not shown that the return to chapter 13 would result in an effective completion of the reorganization of her financial affairs. That the debtor would prefer to have an additional opportunity to retain her home is evident and not unexpected. Her intentions are not bad but her prospect of success is poor.

The motion of debtor to convert to chapter 13 is denied.

AND IT IS SO ORDERED.

**2.** There is precedent in this Court for the proposition that the initial right to convert from chapter 7 is not absolute, at least in the case of a conversion to chapter 13 where a chapter 7 discharge order has already issued. See *In re Fisher*, C/A No. 00–05354–W (Bankr.D.S.C. January 30, 2002); *In re Ellis*, C/A No. 02–04595–W (Bankr.D. S.C. April 18, 2003). *See also In re Ray*, C/A No. 02–01212–W (Bankr.D.S.C. January 7, 2003)(A chapter 7 case cannot be converted to a chapter 13 proceeding when the chapter 7 was filed during the period in which a chapter 13 filing was prohibited under an order of the court in a previous case.)