**In re Dustin Michael MUTH, Claudine Lee Nelson, Debtor(s).**

**No. 06–12797 EEB.**

United States Bankruptcy Court, D. Colorado.

Nov. 8, 2007.

Dewayne Gooch, Colorado Springs, CO, for Debtors.

## ORDER

ELIZABETH E. BROWN, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion by Debtors to Convert Case Under Chapter 7 to Case Under Chapter 13. The Court, being advised in the premises, hereby FINDS and CONCLUDES:

The present motion raises the question of whether the Debtors may seek to convert their case to another chapter of the Bankruptcy Code for a second time. This case was originally commenced as a chapter 13 case. Debtors voluntarily converted to chapter 7 on September 5, 2007. On October 1, 2007, the Debtors filed the instant motion seeking to reconvert to chapter 13.

Authority for conversion from chapter 7 to chapter 13 is found in § 706(a)[1] which allows a debtor to convert a chapter 7 case to chapter 13 "at any time, if the case has not been converted under section 1112, 1208 or 1307 of this title." Courts are split over the interpretation of this language. Some courts have held that this language allows a debtor the right to convert from chapter 7 to chapter 13 only if the case has

---

1. All references herein to " § " or "section" shall refer to Title 11, United States Code.

not already been converted, and bars the debtor from seeking any further reconversion.[2] Others have held that § 706(a) allows a debtor a one time "absolute" right to convert from chapter 7 to chapter 13, but does not bar a subsequent discretionary conversion after notice and a hearing.[3] I would note that these latter courts, while stating that § 706(c) grants them the discretion to reconvert a case, have frequently declined to do so based on the facts of the particular case.

In *Marrama v. Citizens Bank of Massachusetts (In re Marrama)*,[4] the Supreme Court's majority held, in a five-to-four vote, that a debtor may be denied his or her "absolute" right to convert from chapter 7 to chapter 13 in extraordinary circumstances, such as in the case of a bad faith filing. Although the majority and dissent disagreed as to whether the debtor had an "absolute" right to convert once under § 706(a), both the majority and the dissent referred to § 706(a)'s limitation of only one conversion opportunity. The dissent states: " § 706(a) makes clear that the right to convert is available only once: A debtor may convert so long as 'the case has not been converted [to Chapter 7] under section 1112, 1208, or 1307 of this title.' "[5] The majority described § 706(a)'s limitation as "a one-time right that does not survive a previous conversion to, or filing under, Chapter 13."[6]

In addition, the legislative history of § 706(a) supports a one-time conversion interpretation. As stated in the House Report, Section 706(a) "gives the debtor one absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already once been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right."[7] According to the courts which allow discretionary reconversion, the phrase "that right" in the legislative history refers only to the debtor's *absolute* right to convert under 706(a), not to the court's ability to exercise discretion to convert under section 706(c). But I find more persuasive the reasoning of the court in *In re Carter:*

The legislative history of § 706(a) plainly supports the interpretation that a debtor's right to convert is lost once it has been exercised.... The use of "absolute" in the legislative history has been accorded undue significance by those courts finding a discretionary right. Congress' effort to specify an unconditional right of conversion for debtors also supports a reasonable inference that a debtor's right to convert is limited to a single opportunity, since nothing prevented Congress from particularly referring to a discretionary right of conversion.[8]

Following the reasoning of the *Carter* court, this Court holds that the Debtors do

2. See, e.g., *In re Carter*, 84 B.R. 744 (D.Kan. 1988); *In re Hardin*, 301 B.R. 298 (Bankr. C.D.Ill.2003); *In re Vitti*, 132 B.R. 229 (Bankr.D.Conn.1991); *In re Ghosh*, 38 B.R. 600 (Bankr.E.D.N.Y.1984).

3. See, e.g., *In re Johnson*, 376 B.R. 763, 2007 WL 3156255 (Bankr.D.N.M. Oct.29, 2007); *In re Anderson*, 354 B.R. 766 (Bankr.D.S.C. 2006); *In re Johnson*, 116 B.R. 224 (Bankr.D.Idaho 1990); *In re Trevino*, 78 B.R. 29 (Bankr.M.D.Pa.1987).

4. —— U.S. ——, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

5. *Id.* at 1113 (Alito, J., dissenting).

6. *Id.* at 1110.

7. H.R.Rep. No. 95–595, at 380 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6336; S.Rep. No. 95–989, at 94 (1978), reprinted in 1978 U.S.C.A.A.N. 5787, 5880.

8. *In re Carter*, 84 B.R. 744, 747 (D.Kan.1988).

not have a right to reconvert their case. Accordingly, it is hereby

ORDERED that the Motion by Debtors to Convert Case Under Chapter 7 to Case Under Chapter 13 is DENIED.